OPINION
Defendant-appellant, Jeanne Fisher Campbell, appeals a decision by the Butler County Court of Common Pleas, Juvenile Division, which affirmed the decision of a magistrate. The magistrate overruled appellant's motion to modify the parties' shared parenting plan. We affirm.
Appellant and plaintiff-appellee, Douglas Fisher, were divorced on October 22, 1990. At the time of the divorce, the parties had three children: Joshua Christopher Fisher, born October 10, 1982, Mandy Lynn Fisher, born September 7, 1985, and Katy Elizabeth Fisher, born June 7, 1987. A joint custody plan for the parties' children was approved by the court at the time of the divorce. The plan provided that the children reside with each parent for alternating six-month periods. The six-month periods ran from January 1 through June 30, and from July 1 through December 31. While the children lived at each parent's residence, that parent was designated the primary caretaker for the children. The other parent would have the children on alternating weekends. The children remained in the same school throughout the school year. Both parties live in Hamilton, Ohio.
Appellant filed a "Motion to Amend Final Order for Joint Custody" on October 12, 1995.[1] Appellant claimed that she filed the motion because the children wanted to live with her. Appellant also claimed that because of the children's ages, education, and wishes, that there had been a change in circumstances warranting a modification of the shared parenting agreement. Appellant proposed that the children reside with her during the school year, and also proposed a visitation schedule which allowed appellee to have the children during some weekends and holidays. During the summer months, appellant suggested that the children spend equal time with both parties. Appellant calculated that amount of time each parent would have the children during the summer to be about six weeks. Appellee opposed the motion. A hearing concerning the matter was held on July 19, 1996 before a magistrate. The magistrate heard testimony from both parties and their witnesses, and also interviewed each of the three children.
On August 2, 1996, the magistrate issued a decision overruling appellant's motion. The magistrate held that there had not been a significant change of circumstances with respect to the children or the parents, and that it was in the children's best interest to continue spending time with appellee. The magistrate commented that:
 these children are doing well in school and if they are having a problem that it is being jointly addressed, that they are extremely well behaved, that they have a routine in each home which is good for them, that they have extended families on both sides that they have frequent contact with, and that the parties are each good parents doing their best to meet the needs of their children.
Appellant objected to the magistrate's decision on August 15, 1996. Appellant claimed that the magistrate used the wrong standard when he determined whether there had been no change of circumstances. Appellant also claimed that her motion was not a request for a modification of parental rights and responsibilities under the shared parenting agreement, but instead a motion to modify the terms of the shared parenting agreement. A modification of parental rights and responsibilities in a shared parenting agreement requires a finding of a change of circumstances under R.C. 3109.04(E)(1)(a), but a modification of terms in a shared parenting agreement does not require a finding of a change of circumstances under R.C. 3109.04(E)(2)(b).
The trial court affirmed the decision of the magistrate on October 22, 1996. The court relied upon our opinion in Schoettle v. Bering (Apr. 22, 1996), Brown App. No. CA95-07-011, unreported, and found that appellant's motion to amend the shared parenting agreement was really a motion to change parental rights and responsibilities, and therefore fell under R.C.3109.04(E)(1)(a), which requires a finding of a change of circumstances. The trial court found that the record showed that there was not a change of circumstances. The trial court recognized that the magistrate improperly used the standard of "substantial" or "significant" change of circumstances, but held that "deletion of the word substantial or significant would not alter the ultimate decision reached by the Magistrate." The court commented that:
 There was no evidence that the present shared parenting arrangement, wherein the children spent six months with one parent and six months with the other, had any adverse affect on them at all. In fact, these children are thriving. They are healthy, personable, and bright. They are successful both in academic and social settings. Both parents have been actively involved in the rearing of these children. This has been, in all respects, a successful shared parenting agreement.
Appellant now appeals the trial court's decision, and presents one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN OVERRULING THE MOTION TO AMEND FINAL ORDER FOR JOINT CUSTODY.
Appellant argues that there was evidence that supported a finding that there was a change of circumstances. Appellant also argues that the evidence supports a finding that a modification of the existing shared parenting plan was in the best interest of the children.
An appellate court's function when reviewing a trial court's decision to adopt a magistrate's decision is to determine whether the trial court abused its discretion in applying the law to the facts. Wilson v. Wilson (Sept. 30, 1996), Clermont App. No. CA96-02-014, unreported. Modification of parental rights and responsibilities under a shared parenting agreement is controlled by R.C. 3109.04(E)(1)(a). Schoettle v. Bering (Apr. 22, 1996), Brown App. No. CA95-07-011, unreported.
 R.C. 3109.04(E)(1)(a) allows a trial court to modify an allocation of parental rights and responsibilities, that is custody and visitation, as set forth in an agreed upon shared parenting plan when such modification is in the best interest of the child and a change of circumstances has occurred. R.C. 3109.04(E)(2)-(b), in turn, specifically allows a trial court to modify the terms of a shared parenting agreement such as the transportation provision in the case at bar.
Id. at 4.
We find that R.C. 3109.04(E)(1)(a) is applicable to the present case because appellant's proposed modifications of the shared parenting agreement substantially changes the allocation of the parties' parental rights and responsibilities. Appellant's proposal would lower the amount of time appellee would have the children from six months to six weeks during the summer.
R.C. 3109.04(E)(1)(a) reads as follows:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree, that a change has occurred in the circumstances of the child, * * * or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.
The Ohio Supreme Court recently held that when determining if there has been a change in circumstances, "the change must be a change of substance, not a slight or inconsequential change." Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418. Wide latitude is given to the trial court's determination of whether a "change" has occurred, and the trial court's decision will not be reversed absent an abuse of discretion. Id. at 418, following Miller v. Miller (1988), 37 Ohio St.3d 71. The trial court is given wide latitude because the "trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis at 418, following Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80-81.
In appellant's motion to amend the final order for joint custody, appellant claims that "[t]he change in circumstances includes, but is not limited to, the ages of the minor children, their education, as well as their wishes * * *." Appellant argues that the passage of time is a change in circumstances because the education process has become more rigid and difficult, that more structure is needed in the children's lives, and that physical, mental and emotional changes have occurred.
Age alone is not a sufficient factor to find a change of circumstances. Davis at 420. The reason for this is that if age was "a sufficient change of circumstances, then there would be no reason to impose this requirement — children always grow older." Jacobs v. Jacobs (1995), 102 Ohio App.3d 568, 578.
Based upon the foregoing, we find that the trial court's ruling that there was no change of circumstances warranting modification of the shared parenting agreement was not an abuse of discretion. The trial court had the discretion to determine whether a modification of the shared parenting agreement was appropriate due to the age and desires of the children. We do not address the issue raised by appellant that the evidence supports a finding that a modification of the existing shared parenting plan was in the best interest of the children because we have found that appellant's motion requested a modification of parental rights and responsibilities under R.C. 3109.04(E)(1)(a). Therefore, "change of circumstances" was the applicable standard.
Accordingly, appellant's assignment of error is overruled. Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 3109 now refers to "joint custody" as "shared parenting."