OPINION
Appellant Carrie Nusbaumer is appealing the decision of the Stark County Court of Common Pleas, Juvenile Division, that denied her motion for change of custody of her minor son Joshua Nusbaumer. The facts giving rise to this appeal are as follows.
Joshua Nusbaumer was born on March 3, 1985, to appellant and Appellee William Cherry. The parties never married, however, paternity was established in 1987. Joshua resided with appellant from the time of his birth until November of 1994 when the trial court changed custody to appellee. Appellant subsequently filed a motion for change of custody on December 4, 1995.
Following the filing of the motion for change of custody, the trial court ordered psychological testing of the parties and Joshua. Ted Rubin of Wingspread Counseling conducted the testing. The trial court conducted an evidentiary hearing on January 21, 1997, and April 23, 1997. During this hearing, the trial court interviewed Joshua in camera, with only the guardian ad litem
present.
On August 13, 1997, the trial court issued its decision denying appellant's motion for change of custody. Appellant timely filed her notice of appeal and sets forth the following assignments of error:
 I. THE COURT ERRED IN FINDING THAT THE HARM THAT WOULD BE CAUSED TO THE CHILD BY A CHANGE OF ENVIRONMENT IS OUTWEIGHED BY THE ADVANTAGES OF THE CHANGE.
 II. THE COURT ERRED IN IGNORING THE RECOMMENDATIONS OF THE GUARDIAN AD LITEM AND THE PSYCHOLOGIST.
 III. THE COURT ERRED IN FAILING TO DETERMINE THE CHILD'S WISHES AND DISREGARDING JOSHUA'S WISHES TO LIVE WITH HIS MOTHER.
 IV. THE COURT ERRED IN EXCLUDING THE TESTIMONY OF JOHN WATKINS AND THE CHILD'S STATEMENTS TO WATKINS.
 V. THE COURT MADE ERRORS AND OMISSIONS IN ITS FINDINGS OF FACT, INCLUDING
 A. ERRONEOUSLY FINDING THAT APPELLANT FAILED TO TAKE THE CHILD TO COUNSELING;
 B. ERRONEOUSLY FINDING THAT JOSHUA HAD BEEN INCLUDED IN FAMILY COUNSELING WITH MR. RUBIN;
 C. OMITTING TO FIND THAT APPELLEE HAD AN ARREARAGE IN CHILD SUPPORT;
 D. OMITTING TO FIND THAT APPELLANT WAS NOT LIKELY TO IMPEDE VISITATION IN THE FUTURE.
 VI. THE COURT ERRED BY MAKING SPECIFIC ORDERS CONCERNING JOSHUA'S RELIGIOUS PRACTICES.
 I
Appellant contends, in her first assignment of error, the trial court erred when it determined that the harm that would be caused to Joshua, by a change of environment, is outweighed by the advantages of the change.
Pursuant to R.C. 3109.04(E)(1)(a), the trial court must make certain determinations when considering a motion for change of custody. This statute provides:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designations of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child. (Emphasis added.)
The trial court denied the motion for change of custody. However, in doing so, the court failed to address whether it found a "change of circumstances". We can assume the trial court did not find a "change of circumstances" since it denied appellant's motion for change of custody, however, we believe such an assumption is not permissible as the "change of circumstances" is one element that must be found before the court even addresses the elements set forth in R.C. 3109.04(E)(1)(a)(i) through (iii).
In the case sub judice, the trial court strictly focused on the evidence presented at the hearing and whether the harm likely to be caused by a change of environment was outweighed by the advantages of the change of environment to the child. However, the trial court also needed to address the "change of circumstances" element. In the case of Wyss v. Wyss (1982),3 Ohio App.3d 412, 416, the court explained the purposes behind the "change of circumstances" element:
 The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.
We agree that a trial judge must have wide latitude in considering all the evidence before him or her and such a decision must not be reversed absent an abuse of discretion. Davis v.Flickinger (1997), 77 Ohio St.3d 415, 418, citing Miller v. Miller
(1988), 37 Ohio St.3d 71, 74. "Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court." Davis at 418, citing Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus.
Further, "* * * [a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Id. at 119, citing, Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80-81. We find the trial court's failure to address the "change of circumstances" element an error of law that requires reversal.
Appellant's first assignment of error is sustained.
We will not address the issue raised by appellant, in her first assignment of error, under R.C. 3109.04(E)(1)(a)(iii), or the remaining assignments of error two through six. This matter is reversed and remanded to the trial court to issue new findings of fact and conclusions of law that address the element of "change of circumstances".
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby remanded.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is remanded.