[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Brian Fletcher appeals from the judgment of the juvenile court adopting a magistrate's decision designating Erin Walker the residential parent of their child, Gregory Walker, and granting her legal custody of the child. Fletcher raises two assignments of error. In his first assignment of error, Fletcher contends that the trial court erred in granting sole custody of the child to Erin Walker. In his second assignment of error, Fletcher contends that the trial court erred by adopting the magistrate's decision, because the trial court did not engage in an independent factual analysis of the record. Because both assignments of error essentially challenge the trial court's choice to adopt the magistrate's decision awarding legal custody to Erin Walker, we address them together.
Pursuant to Civ.R. 53(E)(4)(b), a trial court may adopt, reject, or modify the magistrate's decision. Absent an abuse of discretion, we will uphold the trial court's allocation of custody.[1] Moreover, where there is a substantial amount of competent, credible evidence to support the trial court's decision, we will not reverse that decision as being against the manifest weight of the evidence.[2]
In this case, the magistrate specifically made extensive findings of fact relating to the child's best interests and determined that it was in the best interests of the child to award legal custody to his mother, with a generous amount of parenting time given to Brian Fletcher. In adopting those findings, the trial court noted that (1) the hearing before the magistrate was transcribed, (2) the magistrate was able to view the witnesses' demeanor, determine credibility, and weigh the evidence, and (3) the magistrate considered all of the pending circumstances at the hearing. Based on this review, the trial court concluded that the magistrate's decision was in accordance with the evidence and the law. Upon our review of the record, we find no abuse of discretion by the trial court in adopting the decision of the magistrate, as that decision is supported by sufficient competent, credible evidence in the record. We, therefore, overrule both assignments of error and affirm the judgment of the trial court.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and WINKLER, JJ.
[1] See Miller v. Miller (1988), 37 Ohio St.3d 71, 523 N.E.2d 846.
[2] See Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,550 N.E.2d 178.