This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Joanne Satterfield ("Joanne"), has appealed from the order of the Lorain County Court of Common Pleas, Domestic Relations Division, that granted custody of her child to Appellee, Linnea Satterfield ("Linnea"). We affirm.
On August 10, 1980, Robert Satterfield ("Robert") and Joanne were married. Two children were born of this marriage, Robert Earl and Shawna. On October 17, 1997, Robert filed a complaint for divorce and requested custody of the two children. Joanne did not contest the divorce or custody. Custody of the two children was granted to Robert. Robert subsequently married Linnea. The children lived with Robert and Linnea. From April to July, 1999, the children visited Joanne in her home in California. On November 21, 1999, Robert died. On April 3, 2000, Linnea moved for custody of Shawna.[1] On August 2, 2000, Joanne moved for custody of Shawna. On November 20, 2000, the trial court granted custody to Linnea. Joanne timely appealed and has raised two assignments of error for review. They will be addressed in reverse order for ease of disposition.
 ASSIGNMENT OF ERROR II The trial court erred to the prejudice of [Joanne] when it ignored the plain meaning of [the] statute in designating [a] legal stranger as a "relative" for purposes of O.R.C. 3109.04.
 In her second assignment of error, Joanne has argued that the trial court did not have jurisdiction to consider the matter of custody in this case. Specifically, Joanne has argued that the trial court was required to certify the matter to the juvenile court for its review. We disagree.
R.C. 3109.06 provides in part:
 In any case in which a court of common pleas, or other court having jurisdiction, has issued an order that allocates parental rights and responsibilities for the care of minor children and designates their place of residence and legal custodian of minor children, has made an order for support of minor children, or has done both, the jurisdiction of the court shall not abate upon the death of the person awarded custody but shall continue for all purposes during the minority of the children.
 In the present case, the trial court made the original custody determination awarding custody to Robert and incorporated said custody arrangements into the divorce decree. Therefore, the trial court retained jurisdiction to modify custody following Robert's death since the trial court previously issued an order that allocated parental rights and designated legal custody of Shawna. Joanne's second assignment of error is without merit.
 ASSIGNMENT OF ERROR I The trial court erred to the prejudice of [Joanne] in misapplying the standards of O.R.C. 3109.04(D)(2) as set out by case law construing those standards resulting in an abuse of discretion.
 In her first assignment of error, Joanne has argued that the trial court erred in granting custody to a nonparent without first making a determination of unsuitability. We disagree.
"In proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important."Trickey v. Trickey (1952), 158 Ohio St. 9, 13. In Miller v. Miller
(1988), 37 Ohio St.3d 71, 74, the Supreme Court of Ohio stated:
 The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. * * * In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct.
 (Citations omitted.) We will therefore review the trial court's order under an abuse of discretion standard.
In custody proceedings between a parent and a nonparent, custody may not be awarded to the nonparent without first determining that the parent is unsuitable. In re Perales (1977), 52 Ohio St.2d 89, syllabus. The court shows unsuitability by concluding "that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child." Id.
Upon review of the record, it is clear that the trial court found that Joanne is unsuitable prior to granting custody to Linnea. Additionally, the court found that placement with Joanne would be detrimental to Shawna. The court's findings are supported by ample evidence as presented at the hearing on this matter.[2]
The testimony presented at the hearing indicated that following the divorce of Robert and Joanne, Shawna initially resided with her father and then shortly thereafter resided with her father and Linnea. In April 1999, Robert and Linnea granted permission to Shawna to visit with Joanne for the summer. This permission was contingent upon Joanne furnishing proof of attendance at a parenting seminar and proof that she was drug free. These requirements were, in fact, requirements imposed by the court at the time of the divorce. In response, Joanne knowingly submitted fraudulent documents that a friend had created for her. Joanne also submitted a clean drug test to Robert to induce the summer visitation, however, during her testimony, Joanne admitted that she was regularly using drugs both before and during the visit.
When Shawna arrived in California, she found that instead of the two bedroom apartment that Joanne had promised, she would be staying with Joanne and her boyfriend in a one bedroom apartment. Shawna testified that she had to sleep on the couch in the living room during the visit because Joanne and her boyfriend slept in the bedroom. Joanne testified that her boyfriend was a drug addict and was supporting himself through the sale of drugs. During the visit strangers would come in and out during the day and night. Joanne and Joanne's boyfriend would go into the bedroom with these people, close, and lock the door. Shawna testified that when her mother and father were still together they would go into the bedroom, lock the door, and do drugs. Joanne admitted to doing drugs while Shawna was in the apartment. Shawna spoke to Joanne about her discomfort with these people in the house, however, such conversations did not abate the activity.
During Shawna's visit, the apartment was subjected to a search warrant for methamphetamines and paraphernalia indicative of use, storage, or manufacturing of drugs. Joanne was subsequently evicted from her apartment for failure to pay the rent. Joanne and Shawna resided with various friends following the eviction, some of whom were also addicts. During one of these stays, some of Shawna's belongings were stolen.
Pursuant to evidence obtained during the search, Joanne was arrested on a drug paraphernalia charge. Following Joanne's arrest, Shawna was placed with her grandparents. Children Services contacted Robert and Linnea about returning Shawna to Ohio. Robert and Linnea promptly sent a plane ticket for Shawna, however, Shawna's return was delayed by Joanne when she encouraged Shawna to run away to avoid return. Shawna was eventually returned to Ohio after Joanne was advised of the legal consequences that her actions could have.
Joanne admitted at trial that she abused drugs for nine years. Joanne further admitted that she pled guilty to the drug charges referenced above. In exchange for a reduced sentence, Joanne enrolled in a court-ordered drug diversion program. At the time of trial she had completed one year of the three year program. If at any time, Joanne fails to comply with the requirements of the diversion program she will be subject to the criminal sanctions that could have been imposed originally.
Joanne testified that she has been diagnosed with bipolar disorder. Pursuant to this diagnosis, Joanne was prescribed Depakote and Trazadone. Joanne stopped taking her medication upon her own self-diagnosis.
Joanne has never paid child support for Shawna. She has also never maintained any type of visitation schedule. Joanne testified that she has had no involvement with Shawna's school or extracurricular activities. She further has never attended Shawna's parent-teacher conferences. Joanne was unable to name a single one of Shawna's teachers.
Shawna testified that she is afraid of living with Joanne and fears that Joanne will return to her addictions. Shawna doubts Joanne's commitment to the drug rehabilitation and believes that she is in compliance merely because of the court order. Shawna has threatened to run away if forced to live with Joanne.
Accordingly, upon review of the evidence as highlighted above, the trial court's determination that Joanne was unsuitable was not an abuse of discretion. Furthermore, in light of the environment Joanne provided to Shawna during the summer visit to California, the trial court did not abuse its discretion in finding that a grant of custody to Joanne would be detrimental to the child. Joanne's second assignment of error is without merit.
Joanne's first and second assignment of error are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________________________ LYNN C. SLABY
BATCHELDER, P.J., CARR, J. CONCUR.
[1] The other child, Robert, had already reached the age of majority at this point and is not a party to the instant action.
[2] Joanne does not challenge the trial court's findings with respect to the best interests of the child. Accordingly, this Court will only address the trial court's finding of unsuitability.