BAXTER, A MINOR, APPELLANT, *v.* BAXTER, APPELLEE.

(No. 70-44—Decided July 14, 1971.)

*Messrs. Bowers, White & DeMeo* and *Mr. Anthony J. Bowers,* for appellant.

*Messrs. Recker, Cunningham & Cunningham,* and *Mr. Paul H. Cunningham,* for appellee.

LEACH, J. In reversing the order of child custody made by the trial court, the Court of Appeals concluded that "the

evidence shows conclusively that the mother is not a fit person to have the custody of this child which probably was the reason the lower court awarded the physical custody to the plaintiff's mother.'' It then found the action of the trial court in awarding custody to the plaintiff to be ''against the manifest weight of the evidence.'' Apparently concluding that, under these circumstances, it could *only* remand for *new trial* on the custody issue, unless its power in such respect had been modified by the ''modern courts'' amendment to the Ohio Constitution, effective May 7, 1968, the Court of Appeals concluded that the provisions of Section 3(B)(1)(f), Article IV of the Ohio Constitution would authorize it to make an award of custody of the child to the father. ''Acting under this authority,'' the Court of Appeals ordered legal custody awarded to the father.

So far as pertinent, Section 3 of Article IV of the Ohio Constitution, reads:

''(B)(1) The Courts of Appeals shall have original jurisdiction in the following:

''* * *

''(f) In any cause on review as may be necessary to its complete determination.''

The posture of this case, on the allowance of the motion to certify the record, would present for our consideration the question of whether the above-quoted language of the Ohio Constitution (prior to the adoption by this court of rules governing practice and procedure pertaining thereto, as authorized by Section 5(B), Article IV, Ohio Constitution) would permit Courts of Appeals to enter final judgments in all cases where it reversed on the basis of the *weight of the evidence.*

Historically, Ohio has drawn a distinction between the power of an appellate court to reverse on the weight of the evidence (wherein a new trial has been required) and the power to reverse on the basis that a single result is compelled as a ''matter of law'' (wherein final judgment may be ordered contrary to the judgment of the lower court). *E. g.,* the appellate court concludes that a directed verdict

should have been sustained; or where no jury is involved, it concludes that judgment contrary to that given by the lower court is required as a matter of law. As to the somewhat analogous distinction between the power of a trial court (1) to weigh the evidence and (2) to conclude that "reasonable minds" may not differ, see *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82.

Although, except in its application to the right of trial by jury (see *Galloway* v. *United States* [1943], 319 U. S. 372), there appears to be no *constitutional* restriction on the power of an appellate court to reverse on the weight of the evidence and to thereupon render final judgment, the decisions of this court have required a new trial in reversals on the weight of the evidence, even in cases where no jury or right to jury trial was involved. See *Bridgeport Bank Co.* v. *Shadyside Coal Co.* (1930), 121 Ohio St. 544; *Campbell* v. *Campbell* (1934), 128 Ohio St. 590; *State, ex rel. Squire,* v. *Cleveland* (1948), 150 Ohio St. 303; *In re Estate of Murnan* (1949), 151 Ohio St. 529; *State* v. *Geghan* (1957), 166 Ohio St. 188; *Brown & Sons* v. *Honabarger* (1960), 171 Ohio St. 247.

The effect of these holdings has been changed by this court, effective as of July 1, 1971, by the adoption of App. R. 12(C) of the Ohio Rules of Appellate Procedure,* pur-

---

*App. R. 12(C) reads:

"Judgment in civil action or proceeding when sole prejudicial error found is that judgment of trial court is against the manifest weight of the evidence.

"In any civil action or proceeding which was tried to the trial court without the intervention of a jury, and when upon appeal a majority of the judges hearing the appeal find that the judgment or final order rendered by the trial court is against the manifest weight of the evidence and do not find any other prejudicial error of the trial court in any of the particulars assigned and argued in the appellant's brief, and do not find that the appellee is entitled to judgment or final order as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and either weigh the evidence in the record and render the judgment or final order that the trial court should have rendered on that evidence or remand the case to the trial court for further proceedings; provided further that a judgment shall be reversed only once on the manifest weight of the evidence."

suant to our power to adopt rules governing practice and procedure.

To the extent that a *weight of the evidence* reversal is involved, we conclude that the provisions of Section 3(B) (1)(f) of Article IV of the Ohio Constitution do not, *per se,* permit a Court of Appeals to thereupon enter final judgment instead of remanding for new trial.

However, on careful analysis, we conclude that a "weight of the evidence" problem, in the sense that this term is employed in the *Bridgeport, Campbell, Squire, Murnan, Geghan* and *Honabarger* cases, *supra,* is not actually involved herein. Instead, in legal effect, the Court of Appeals found that the trial court, by awarding "physical custody" to plaintiff's mother, exceeded its authority as a matter of law, and that by awarding "legal custody and control" to the plaintiff, instead of to the defendant, it *abused its discretion.* From a detailed consideration of the entire record, we conclude that the Court of Appeals was correct in both respects.

R. C. 3109.04 provides that *if* the court finds "that neither parent is a suitable person to have custody it may commit the child to a relative * * *." In the absence of compliance with the requirements of R. C. 3109.04 (and here there was no finding even by inference by the trial court that the father was not a suitable person to have custody), the court had no authority to commit the child to the grandmother. *Grandon* v. *Grandon* (1955), 164 Ohio St. 234. Such lack of authority could not be obviated by describing the commitment as "physical" rather than "legal" custody.

Under the provisions of R. C. 3109.04, the authority of the trial court was limited to deciding "which of them [the parents] shall have the care, custody, and control of the offspring, taking into account that which would be for their [the children's] best interest * * *."

Although the trial court has a broad discretion in the matter of custody, and an appellate court may not merely substitute its judgment for that of the trial court, the dis-

cretion of the trial court is not unlimited, but is subject to reversal upon the basis of a showing of *abuse of discretion. Trickey* v. *Trickey* (1952), 158 Ohio St. 9; *Dailey* v. *Dailey* (1945), 146 Ohio St. 93.

No useful purpose would be served by any discussion herein as to the evidence which we believe demonstrates conclusively that to award the custody of the child to its mother upon the instant record would not be for the child's best interest and would necessarily constitute an abuse of discretion. Abuse of discretion connotes something more than merely being against the manifest weight of the evidence. The rationale, which in the past has led to the conclusion that reversals based solely upon the weight of the evidence require a remand for new trial, is not applicable as to a finding of abuse of discretion, at least in cases where the trial court's discretion is limited to one of two choices and the selection of one of these choices is an abuse of discretion. Here, a single result is compelled as a "matter of law." Orderly and expeditious procedure in such event requires that the appellate court itself "render such judgment as the court below should have rendered." R. C. 2505.37.

This does not mean that the Common Pleas Court is precluded from modifying the order of custody at a later date upon a showing of a change of conditions; nor that the Court of Appeals thereby retains a "continuing jurisdiction" on the custody issue. The status of the order of custody entered by the Court of Appeals is the same, so far as future modification is concerned, as if such order had been entered by the Common Pleas Court. Thus, if visitation rights by the mother, not accorded by the order of the Court of Appeals, be warranted by changed conditions, the custody order would be subject to a motion for modification filed in the original divorce action. *Corbett* v. *Corbett* (1930), 123 Ohio St. 76.

In summary, we hold (1) that, under R. C. 3109.04, the Common Pleas Court has no authority to award custody of a minor child to its grandmother unless it has found that

"neither parent is a suitable person to have custody,"
and such lack of authority may not be obviated by describ-
ing the commitment as "physical" rather than "legal"
custody; and (2) that, where the evidence conclusively
shows that the mother of a minor child is not a suitable
person to have custody of such child and where an award
of custody to the mother would constitute an abuse of dis-
cretion, it is erroneous as a matter of law for the Common
Pleas Court to award "physical" custody of the child to
the grandmother and "legal" custody to the mother.
Under such circumstances the Court of Appeals is not re-
quired to remand the cause for a new trial, but may order
custody awarded to the father.

For the foregoing reasons, the judgment of the Court
of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN,
CORRIGAN and STERN, JJ., concur.