PALLADINO, APPELLANT, *v.* PALLADINO, APPELLEE.

(No. 70-322—Decided July 14, 1971.)

*Messrs. Davis & Young* and *Mr. Robert L. Baker*, for appellant.

*Mr. John M. Drain,* for appellee.

*Per Curiam.* The motion to certify herein was allowed on the premise, as claimed by appellant, that the action of the Court of Appeals was a reversal solely on the *weight of the evidence.* It is the claim of appellant that under such circumstances the Court of Appeals could only remand for new trial, and that Section 3 (B)(1)(f), Article IV of the "modern courts" amendment of the Ohio Constitution does not broaden the authority of the Court of Appeals; that the Court of Appeals therefore erred in failing to remand for new trial. As to such question see *Baxter* v. *Baxter* (1971), 27 Ohio St. 2d 168, also decided this day.

In the instant case we conclude that no question as to the *weight* of the evidence is involved. A Common Pleas Court does not have an absolute discretion to change a previous award of custody of a minor child. Such a change must be based on a finding of a "change of conditions." *Dailey* v. *Dailey* (1945), 146 Ohio St. 93; *Trickey* v. *Trickey* (1952), 158 Ohio St. 9. Here the Court of Appeals found "no evidence" of such change. A finding of *no* evidence does not involve the *weighing* of evidence.

We affirm the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.