MILLER, APPELLEE, *v.* MILLER, APPELLANT.

[Cite as Miller *v.* Miller (1988), 37 Ohio St. 3d 71.]

(No. 87-603—Submitted February 2, 1988—Decided June 1, 1988.)

*Ralph W. Ross,* for appellee.

*Keith McNamara* and *Kenneth J. Cummings,* for appellant.

*Per Curiam.* Preliminarily, we concur in the court of appeals' judgment below that the adoption of the referee's report by the trial court constituted an abuse of discretion. As this court observed in *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142:

" 'The term "abuse of discretion" connotes more than an error of law or

judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * * [Citations omitted.]' "

No doubt, a review of some of the pertinent passages of the referee's report set forth in the footnote, *supra,* reveals an attitude that can be characterized as sexist, inappropriate, unreasonable, intemperate and prejudicial to the wife. As the court of appeals stated: "* * * The report is offensive and oversteps the bounds of propriety. It lacks the necessary impartiality or proper judicial decorum." While candor is important in calling attention to the problems and issues germane to a case, we believe the appellate court below was correct in finding that the adoption of the referee's report by the trial court constituted an abuse of discretion under the *Blakemore* standard.

Notwithstanding our concurrence with the appellate court's finding of an abuse of discretion on the part of the trial court as set forth above, the determinative question remains as to whether the court of appeals was correct in granting the wife's motion for a change of custody. The wife essentially argues that the appellate court, acting under the power granted to it by App. R. 12(B), rendered the judgment the trial court should have rendered by granting her motion for a change of custody pursuant to R.C. 3109.04.

While App. R. 12 grants an appellate court the power to reverse trial court judgments and enter those judgments that the court should have rendered, we agree with the dissenting appellate judge below that it is inappropriate in most cases for a court of appeals to independently weigh evidence and grant a change of custody. The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. *Trickey* v. *Trickey* (1952), 158 Ohio St. 9, 13, 47 O.O. 481, 483, 106 N.E. 2d 772, 774. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct. See *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80, 10 OBR 408, 410, 461 N.E. 2d 1273, 1276.

While a trial court's discretion in a custody modification proceeding is broad, it is not absolute, and must be guided by the language set forth in R.C. 3109.04. See *Baxter* v. *Baxter* (1971), 27 Ohio St. 2d 168, 56 O.O. 2d 104, 271 N.E. 2d 873; *Palladino* v. *Palladino* (1971), 27 Ohio St. 2d 175, 56 O.O. 2d 108, 271 N.E. 2d 826; *Ross* v. *Ross* (1980), 64 Ohio St. 2d 203, 18 O.O. 3d 414, 414 N.E. 2d 426. In addition, the trial court's determination in a custody proceeding is, of course, subject to reversal upon a showing of an abuse of discretion. *Dailey* v. *Dailey* (1945), 146 Ohio St. 93, 32 O.O. 29, 64 N.E. 2d 246; *Trickey, supra; Baxter, supra.* Since we view the appellate court's decision as erroneous for failing to accord the trial court's decision the presumption of correctness it deserved, we reverse the appellate court's granting of plaintiff's motion for a change of custody and remand the cause to the trial court for further proceedings. In addition, we concur with the dissenting appellate judge below that the trial court is better equipped, in most respects, to make a proper decision regarding custody. *Trickey, supra.*

Last, we are compelled to reverse

the court of appeals' holding that the "best interest of the child" standard is no longer the law of Ohio and that it has been replaced by the "family reunification law" set forth in R.C. 2151.414. First, R.C. 2151.414 has no relevance to the cause *sub judice* since it deals with matters pertaining to motions for permanent custody of a child by a county department, board or certified organization that has temporary custody of the child. Second, a review of the pertinent language contained in R.C. 3109.04, which governs the instant action requesting a change of custody, reveals that the "best interest of the child" standard continues to be the law of Ohio in these matters.

R.C. 3109.04(B)(1) states in relevant part:

"* * * the court shall not modify a prior custody decree unless it finds, * * * that the modification is necessary to serve the best interest of the child. * * *"

R.C. 3109.04(C) provides:

"In determining the best interest of a child pursuant to this section, whether on an original award of custody or modification of custody, the court shall consider all relevant factors * * *."

Abundant case law also supports the time-honored standard that what is in the "best interest of the child" should be the overriding concern in any child custody case. See *Gishwiler v. Dodez* (1855), 4 Ohio St. 615; *In re Cunningham* (1979), 59 Ohio St. 2d 100, 13 O.O. 3d 78, 391 N.E. 2d 1034; *Pruitt v. Jones* (1980), 62 Ohio St. 2d 237, 16 O.O. 3d 276, 405 N.E. 2d 276; *In re Palmer* (1984), 12 Ohio St. 3d 194, 12 OBR 259, 465 N.E. 2d 1312. Given the plain language of R.C. 3109.04 and the precedents cited above, it is clear that the appellate court's observation in this regard was clearly erroneous.

Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

.                  *Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES and H. BROWN, JJ., concur.

DOUGLAS, J., concurs separately.

WRIGHT, J., concurs in judgment only.

DOUGLAS, J., concurring. I concur with the majority in its judgment of reversal. I write separately, however, to make three points.

First, I am at a loss to determine what this court would have the trial judge do upon remand. That court has already awarded custody to appellant and that, in effect, is what the majority opinion herein holds. Obviously the majority would have the trial judge direct the referee to write a more "temperate" opinion. That is easy enough to say if you have not had to sit through one of these proceedings and watch opposing parties literally attempt to tear each other apart. It just could be that the trial judge was moderate in his comments given what he received, both orally and in writing, from the referee.

Be that as it may, the majority has remanded this case to the trial court for "* * * further proceedings in accordance with this opinion." What further proceedings? The same traumatic parade of hostile venom — only updated? The same ultimate finding (custody to appellant) with the exception that the finding be accompanied by a more "moderate" opinion reciting all the usual domestic relations and psychological contradictions that often

are, by necessity, found in such opinions, thereby passing appellate muster? It seems obvious from the majority opinion that if the trial judge proceeds in such a manner, then his decision will be approved. But at what price? Such a "proceeding" seems like such an unnecessary charade unless the trial court can just review its previous record and write its new opinion. Unfortunately, the majority opinion gives no direction in this regard. I am grateful that I am not the trial judge who has to determine what this court has mandated his next step to be. Frankly, I would not know.

My second point concerns R.C. 3105.21(A). I recognize there has been nothing previously announced on this point which could have guided the trial judge in this case. I regret that we have not taken the opportunity to do so. R.C. 3105.21(A) states:

"Upon satisfactory proof of the causes in the complaint for *divorce,* annulment, or alimony, the court of common pleas *shall* make an order for the disposition, care, and maintenance of the children of the marriage, as is in their best interests, and in accordance with section 3109.04 of the Revised Code." (Emphasis added.)

It is my judgment that the trial judge in this case did have the authority and jurisdiction to make a custody determination because a divorce was involved. Had he done so, then any subsequent move by appellee to change custody would have been governed by R.C. 3109.04(B)(1), which is my third point.

R.C. 3109.04(B)(1) states:

"Except as provided in division (B)(2) of this section, the court shall not modify a prior custody decree unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the · circumstances of the child, [or] his custodian, * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the custodian * * * designated by the prior decree, unless one of the following applies:

"(a) The custodian * * * agree[s] to a change in custody.

"(b) The child, with the consent of the custodian * * * has been integrated into the family of the person seeking custody.

"(c) The child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

Thus, there is a higher standard to be applied and applying that standard, appellee, on the record before us, could not make her case.

With the foregoing comments, I concur in the reversal of the judgment of the court of appeals.