[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal of an Allen County Common Pleas Court child custody judgment. For the following reasons, we affirm that decision.
Timothy Moran ("appellee") and Sheri Moran ("appellant") began living together in the fall of 1991. They later married on February 11, 1994. During their six year relationship, appellant and appellee had four children.
On April 2, 1997, appellee filed for divorce in the Allen County Common Pleas Court. Both parties subsequently requested temporary custody of their children. Therefore, on May 23, 1997, the trial court designated appellant the residential parent of the children.
A divorce hearing was held on September 16, 1997. The trial court filed its decision on October 30, 1997. The decision was then journalized on November 18, 1997.
As part of its decision, the trial court awarded permanent custody of the children to appellee. Appellant subsequently filed a notice of appeal.
She is now appealing the following assignment of error.
ASSIGNMENT OF ERROR
 The trial court's finding that the best interest of the parties [sic] children require for plaintiff, [sic] appellee, to be designated residential parent and legal custodian constitutes an abuse of discretion.
In her sole assignment of error, appellant urges us to find that the trial court erred in awarding permanent custody of the children to appellee.
The Ohio Supreme Court has consistently held that a trial court has broad discretion in custody proceedings. Davis v.Flickinger (1997), 77 Ohio St.3d 415, 421 citing Trickey v.Trickey (1952), 158 Ohio St. 9, 13; Gardini v. Moyer (1991),61 Ohio St.3d 479, 484. The Ohio Supreme Court has further held that:
 [t]he discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceedings and the impact the court's decision will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. (citation omitted).
Reynolds v. Goll (1996), 75 Ohio St.3d 121, 124 citing Miller v.Miller (1988), 37 Ohio St.3d 71, 74. Therefore, we will not reverse a custody determination unless the trial court has acted arbitrarily, unreasonably, or capriciously. Pater v. Pater
(1992), 63 Ohio St.3d 393, 396 citing Miller, supra, at 74.
When determining the custody of minor children, a trial court must consider the guidelines set forth in R.C. 3109.04(A) through (H). In the present case, the court found that both appellant and appellee had good relationships with their children. Therefore, the court found both to be fit parents.
Additionally, we find that the record supports the trial court's decision to award permanent custody of the children to appellee. We will not reverse an award of custody when it is supported by a substantial amount of competent, credible evidence.Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23. Therefore, having found sufficient evidence supporting the trial court's decision, we must overrule appellant's sole assignment of error.
Accordingly, we affirm the Allen County Common Pleas Court decision awarding permanent custody of the children to appellant.
Judgment affirmed.
SHAW, P.J., and EVANS, J., concur.