This appeal is taken by Defendant-Appellant Robert Bibb from the judgment of the Court of Common Pleas of Seneca County denying his motion for permanent change of custody of minor child, Raymond Bibb.
Robert Bibb and Carol Bibb were divorced in the Seneca County Court of Common Pleas in 1984. Carol Bibb, mother, was designated the residential parent of all of the minor children including Raymond Bibb. In May of 1998, Robert Bibb, father, filed with the Seneca County Court of Common Pleas a motion for change of Raymond's residential parent. On September 28, 1998, Judge Spellerberg in an ex parte order granted temporary custody to Robert. The permanent custody hearing was held in November 1998 and the Magistrate ruled that permanent custody should rest with Robert. Carol immediately filed objections to the ruling. On January 26, 1999, the court temporarily implemented the Magistrate's ruling for a period of not more than 28 days in order to consider Carol's objections. On February 23, 1999 the court sustained Carol's objections to Magistrates ruling and entered judgment placing permanent custody of Raymond, with his mother, Carol. On appeal from that judgment Robert makes the following assignments of error:
 1. The reversal of the magistrates(sic) decision was an abuse of discretion based upon the testimony elicited in this case.
 2. The Court erred by not considering the testimony of the child taken pursuant to Ohio Revised Code.
Robert Bibb asserts that the trial judge abused his discretion when he entered judgment placing Raymond in the permanent custody of Carol Bibb. The discretion of the trial court in deciding child custody issues is quite broad and is to be given the utmost deference. Miller v. Miller (1988), 37 Ohio St.3d 71,74, 523 N.E.2d 846 citing Trickey v. Trickey (1952),158 Ohio St. 9, 13, 106 N.E.2d 772, 774. Despite this expansive language, the discretion of the trial court is not absolute "and must be guided by the language set forth in R.C. 3109.04." SeeBaxter v. Baxter (1971), 27 Ohio St.2d 168, 271 N.E.2d 873;Palladino v. Palladino (1971), 27 Ohio St.2d 175, 271 N.E.2d 826;Ross v. Ross (1980), 64 Ohio St.2d 203, 414 N.E.2d 426. The decision of the trial court will not be overturned absent a showing of abuse of discretion. See Dailey v. Dailey (1945),146 Ohio St. 93, 64 N.E.2d 246. A finding of abuse of discretion requires evidence that the decision of the trial judge was unreasonable, arbitrary or unconscionable. See Leigh v. StateEmployment Relations Board (1996), 76 Ohio St.3d 143, 144,666 N.E.2d 1128; State ex rel. Brenders v. Hall, 71 Ohio St.3d 632,637, 646 N.E.2d 822, 826.
Before modifying a child custody arrangement, the court must determine, first, that there has been a significant change in circumstances, next, that the change in custody is in the best interests of the child, and finally, that the harm that will result from the change is outweighed by the benefits that result.See In Re Kennedy (1994), 94 Ohio App.3d 414. The change in circumstances must be "a change of substance, not a slight or inconsequential change." Davis v. Flickinger (1997), 77 Ohio St.3d 415,418. According to R.C. 3109.04(F)(1) when determining the best interests of the child the court shall consider all relevant factors, including but not limited to: the wishes of the child's parents; the wishes of the child; the child's adjustment to home, school and community.
Robert challenges the weight assigned to the evidence by the trial judge. However, as stated above, decisions such as these are treated with extreme deference absent a showing that they are arbitrary, unreasonable, or unconscionable. Robert merely claims that the weight of the evidence was obviously in his favor. The trial judge stated in the record that there had not been a significant change in circumstances that warranted a permanent change of custody. Specifically, the trial judge noted that most young men go through a period of hostility with their mothers when they are teenagers and a single inconsequential locker room prank by others is not evidence of a substantial change in circumstances. No abuse of discretion having been shown the appellant's first assignment of error is overruled.
Mr. Bibb contends that the trial court erred further when it failed to consider the testimony of the minor child, Raymond Bibb. The record discloses, however, that the judgment entered by the trial court specifically points out the wishes of the minor child but disregards them. The child's wishes are not controlling where other evidence demonstrates that the choice is potentially harmful or if there hasn't been a substantial change in circumstances to support a change of residential parent. Despite Raymond's wishes, but, in accordance with the law, the trial court concluded that there had not been a significant change in circumstances. Therefore, there is no reason to change the residential parent status. No error having been shown, the second assignment of error is overruled. The judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment affirmed.
HADLEY and SHAW, JJ., concur.