OPINION
This is an appeal from an order of the court of common pleas, domestic relations division, modifying its prior child custody order.
The parties, Shawn A. Johnson and Patricia A. Johnson, were divorced in 1992. Custody of their only child, Stephanie, who was born August 14, 1988, was awarded to Patricia.[1]
Patricia had moved from Ohio to Oklahoma prior to the divorce in order to live with Danny Sullivan. She lived with Sullivan there until 1998, when she returned with Stephanie to live in Lima, Ohio. Patricia and Sullivan had three children while they lived together.
Shortly after Patricia moved to Lima she met and subsequently moved in with T.J. Framek. Patricia, Framek, and Stephanie thereafter moved to Elkhart, Indiana. At the time of the hearing, they planned to relocate, again, to Michigan.
On July 19, 1999, Shawn moved to obtain custody of Stephanie, who was then ten years of age. The court appointed a guardian ad litem for Stephanie.
The court took and heard extensive evidence on the motion for change of custody. On December 30, 1999, the court modified its prior divorce decree and ordered that Shawn be designated as Stephanie's residential parent and legal custodian. Patricia filed a timely notice of appeal.
 ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO SUSTAIN THE APPELLANT'S MOTION TO DISMISS MADE AT THE CLOSE OF THE APPELLEE'S CASE AND/OR IN GRANTING THE APPELLEE'S MOTION TO MODIFY PARENTAL RIGHTS WHERE IT IMPROPERLY APPLIED OHIO REVISED CODE SECTION 3109.04(E)(1)(a)AND (F)(1) TO THE FACTS.
A court that enters a decree of divorce is charged by R.C. 3109.04(A) to therein "allocate the parental rights and responsibilities for the care of the minor children of the marriage." The court may not thereafter modify the decree with respect to allocation of parental rights and responsibilities unless it finds that there has been a material change involving the child or either parent affecting custody and, inter alia, that "the harm likely to be caused by a change of environment is outweighed by the advantages in the change of environment to the child." R.C.3109.04(E)(1)(a)(iii).
The foregoing provisions create a rebuttable presumption in favor of retaining the prior residential parent by requiring not only a showing of a change of circumstances but also a determination that modification is not only desirable but is necessary to serve the best interest of the child. The factors a court must consider when determining the child's best interest are set out in R.C. 3109.04(F)(1).
R.C. 3109.04 reposes broad discretion in the trial court in determinations of parental rights and responsibilities. Palladinov. Palladino (1971), 27 Ohio St.2d 175. An appellate court willnot reverse the trial court's judgment on a motion formodification unless it constitutes an abuse of discretion. Baxterv. Baxter (1971), 27 Ohio St.2d 168. An abuse of discretionrequires more than merely being against the manifest weight ofthe evidence. Id. Indeed, it requires more than an error of lawor judgment; it implies that the court's attitude wasunreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Our review of the trial court's judgment entry reveals the following to be the findings that it made to support both the change of circumstances and the best interests determinations that favor modification.
The court found that Patricia had moved from Ohio to Oklahoma, then back to Ohio, then to Indiana, and at the time of the hearing prospectively to Michigan, primarily for her personal benefit and without due regard to the negative effect her moves had on Stephanie. The court noted that Stephanie had never been treated by a dentist, that Patricia had not arranged for her to have a current doctor, and that at past times Stephanie was afflicted with head lice.
The court found that Patricia's current working and living arrangements, which required both Patricia and T.J. Framek to be away from home overnight, up to thirty-six hours at a time, created an unstable environment for Stephanie. That instability was compounded by the fact that multiple different "nannies" have been used during those times to care for Stephanie and the other children.
In contrast, the court found that Shawn and his wife are able to provide Stephanie with a stable home life which creates "a far greater opportunity (for Stephanie) to have positive interaction and interrelationships with friends and relatives while residing with (Shawn), which will be beneficial to the child's future development." (Judgment Entry, p. 7).
The court also found that Shawn would be more likely than Patricia to faithfully observe visitation orders the court imposed. Patricia had been indifferent to visitation in the past. She had also failed to make the court aware of her various moves.
Lingering in these facts is an implication that the court modified its prior custody order because Patricia had left the jurisdiction with Stephanie and/or had lived with several men whom she had not married. Those matters standing alone, are not a basis to change custody. If they are considered, it must be in relation to their collateral effects on the child's environment. We believe that the court properly restricted its consideration of those matters to that aspect.
It is obvious, as the trial court also noted, that there was no evidence of overt abuse or neglect of Stephanie while she resided with Patricia. However, that is not the standard required for modification of an order allocating parental rights. Once the material change in circumstances predicate is satisfied, theparamount consideration is the best interest of the child. Thatdetermination is made de novo.
Patricia's various moves and introduction of different men into Stephanie's life and environment demonstrate a material change of circumstances. The court found that Stephanie's best interest is served by living with her father instead of her mother, for the reasons stated. On the record as a whole, we cannot find that the court abused its discretion in so doing.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
 __________________________ GRADY, P.J.
FAIN, J. and YOUNG, J., concur.
[1] For convenience and clarity, the parties will be identified by their first names.