OPINION
{¶ 1} Appellant Taneeka Haywood ("Haywood") brings this appeal from the judgment of the Court of Common Pleas of Allen County, Juvenile Division granting temporary custody of the minor child Jerry Lee Haywood III ("Jerry") to his paternal grandmother Rosetta Armstead ("Armstead").
 {¶ 2} On March 13, 2001, Jerry was born to Haywood and her husband, Jerry Lee Haywood, II and was placed in the special care nursery. On April 5, 2001, Allen County Children Services Board ("ACCSB") filed a complaint alleging that Jerry was a dependent child. The complaint claimed that Haywood and the father were both low functioning and that Haywood had severe mental problems due to a prior brain injury.[1] The complaint further alleged that on April 3 and 4, 2001, Haywood's verbal statements turned physical and she had to be restrained by hospital security to avoid injury to herself or others. The complaint also alleged that Haywood was diagnosed as Schizoaffective with an explosive personality disorder that cannot be controlled by medication. An order of shelter care was granted on April 5, 2001. On June 18, 2001, the April 5, 2001 complaint was dismissed without prejudice at the request of ACCSB because the case could not be completed within the statutory time frame. Also on June18, 2001, a second shelter care hearing was held and Jerry was again placed in the temporary custody of ACCSB and a new complaint was filed making the same allegations as the original. On June 25, 2001, a new shelter care hearing was held at the request of Haywood, who claimed that she did not receive notice of the June 18, 2001, hearing. The court again concluded that shelter care was in the best interest of the child.
 {¶ 3} Prior to any hearings, a case plan was drawn with the goal of placing Jerry with Armstead rather than his parents. No services were offered to the parents. On August 22, 2001, and September 7, 2001, an adjudicatory hearing was held before a magistrate. Jerry was found to be a dependent child and the shelter care order was modified. Temporary custody was granted to Armstead at this time. The trial court adopted the magistrate's decision on September 24, 2001. A dispositional hearing was held on September 7, 2001, and on November 9, 2001. In October of 2001, the agency began working with Haywood to improve her parenting skills.[2]
The family aid worker testified that Haywood did well in the class, but did not believe the classes would be productive over time due to Haywood's level of functioning. On November 27, 2001, the magistrate granted temporary custody to Armstead. The magistrate specifically denied ACCSB's request that Armstead be given permanent legal custody, finding the motion to be premature. Haywood filed objections to the magistrate's decision. On November 25, 2002, the trial court overruled the objections and ordered that Jerry be placed in the temporary custody of Armstead. The trial court further ordered that ACCSB prepare a case plan that would permit Haywood to get services to determine if she would be able to resume custody of her child within a reasonable period of time. It is from this judgment that Haywood appeals and raises the following assignments of error.
The trial court erred when it granted temporary custody of [Jerry] to[Armstead], and found that reasonable efforts were made to prevent theremoval of the child from the home and that efforts were made to returnthe child home.
 {¶ 4} "`Temporary custody' means legal custody of a child who is removed from the child's home, which custody may be terminated at any time at the discretion of the court * * *." R.C. 2151.011(B)(52). After an adjudication of dependency, a trial court may order the child to be place in the temporary custody of a relative. R.C. 2151.353(A)(2). The disposition that is in the best interest of the child is within the sound discretion of the trial court and will not be reversed upon appeal absent an abuse of discretion. Miller v. Miller (1988), 37 Ohio St.3d 71,523 N.E.2d 846.
 {¶ 5} In this case, the evidence before the trial court was that at the time of disposition, Haywood was not capable of raising Jerry on a full time basis. Testimony was given that both Haywood and the father were low functioning, that Haywood had severe anger control problems, and that Haywood did not have any parenting skills. However, the evidence also indicated that ACCSB had provided, at most, very limited services in an effort to improve the situation. From this evidence, the trial court held that temporary care was appropriate and that ACCSB had to make the referrals necessary to help Haywood become capable of raising her child. Thus, the trial court denied the motion to grant legal custody to Armstead, opting instead to continue the temporary custody arrangement in order to give Haywood a chance to improve the situation. Based upon the evidence, the trial court did not abuse its discretion. The assignment of error is overruled.
 {¶ 6} The judgment of the Court of Common Pleas of Allen County, Juvenile Division, is affirmed.
Judgment affirmed.
WALTERS and CUPP, JJ., concur.
[1] The complaint also alleged that the father had been investigated on two separate occasions for sexually abusing others. However, the father is not a party to this appeal.
[2] The magistrate found that no other services were offered to Haywood prior to that time.