OPINION
{¶ 1} Leonard Williams, Jr., appeals from the judgment of the Portage County Court of Common Pleas, Juvenile Division, which adopted a magistrate's decision for the shared parenting of Williams's and Jaclyn Carlton's minor daughter, Gabriella A. Williams. We affirm.
 {¶ 2} Gabriella was born May 26, 2000 to Williams and Carlton. Williams and Carlton never married.
 {¶ 3} On November 14, 2003, Williams filed the instant action seeking to establish a companionship and visitation schedule. The parties eventually agreed to a shared parenting plan but disagreed as to the amount of time to be allotted to each parent. Williams proposed that parenting time be shared on a 50-50 basis; Carlton proposed that she have the majority of the parenting time. The matter was tried before a magistrate who adopted Carlton's proposal. Williams filed objections to the magistrate's decision. The trial court overruled Williams's objections and adopted the magistrate's decision. Williams filed a timely appeal raising two assignments of error for our review:
 {¶ 4} "[1.] The trial court abused its discretion and erred in the application of [R.C.] 3109.04(F)(1)(a) through 3109.04(F)(1)(a)(j).
 {¶ 5} "[2.] The trial court at the objection hearing erred and abused its discretion when it considered the non marital status of the parties."[1]
 {¶ 6} Because Williams's assignments of error are interrelated, we address them together.
 {¶ 7} R.C. 3109.04(D)(1)(a)(ii) provides in relevant part:
 {¶ 8} "If each parent makes a request in the parent's pleadings or files a motion and each also files a separate plan, the court shall review each plan filed to determine if either is in the best interest of the children. If the court determines that one of the filed plans is in the best interest of the children, the court may approve the plan."
 {¶ 9} In determining whether a plan is in the child's best interest, the court shall consider all relevant factors, including, but not limited to:
 {¶ 10} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 11} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 12} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 13} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 14} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 15} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 16} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 17} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 18} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 19} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state." R.C. 3109.04(F)(1)(a)-(j).
 {¶ 20} We review a trial court's determination of custody issues for an abuse of discretion. Miller v. Miller (1988),37 Ohio St.3d 71, 74.
 {¶ 21} In the instant case, the trial court (and magistrate) considered the factors set forth in R.C. 3109.04(F)(1)(a)-(j) and made findings under the relevant factors. The trial court found that Gabriella was four years old; that Carlton was unemployed but intended to return to work, while Williams was employed full-time, thus regardless of which parent Gabriella was staying with, she would be in a third party's care while her parent was at work; Carlton had been Gabriella's primary caretaker and Gabriella had bonded with her brother; and Williams failed to present evidence, other than his own statements, to show it would be in Gabriella's best interest if his parenting plan were adopted. The record supports these findings.
 {¶ 22} Finally, Williams argues the trial court erred when it considered the fact that he and Carlton were never married when it adopted Carlton's shared parenting plan. We find no error.
 {¶ 23} At the objection hearing, the trial court stated, "The other thing that is somewhat troubling in this case is, you know, you folks are asking for traditional time in a non-traditional relationship. I mean, * * * it's just one of the facts of life is that you folks aren't married to one another." While we fail to see how this fact is relevant in the instant case, the trial court's judgment entry does not state that it considered this factor in adopting the magistrate's decision and the magistrate's decision makes no mention of this. Thus, while irrelevant, we fail to see how this comment demonstrates the trial court abused its discretion.
 {¶ 24} For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Portage County Court of Common Pleas, Juvenile Division, is affirmed.
O'Neill, J., Grendell, J., concur.
[1] Carlton has not filed a brief with this court.