OPINION
{¶ 1} Defendant-Appellant Cloyd Anthony Swartz appeals a judgment of the Hancock County Common Pleas Court, Juvenile Division, overruling his motion to reallocate parental rights and to change custody of the minor children from the mother, Brenda Inbody, to himself Swartz argues that the trial court's decision was against the manifest weight of the evidence and that the trial court erred in permitting the guardian ad litem to submit his final report after the conclusion of the hearing on the motion. Finding that the trial court's decision is not contrary to the manifest weight of the evidence, and that Swartz waived any objection to the tardy submission of the guardian ad litem's report, we affirm the trial court's decision.
 {¶ 2} The parties hereto, Cloyd Anthony Swartz ("the father") and Plaintiff-Appellee Brenda Inbody ("the mother"), lived together without the benefit of marriage for over ten years. During that time, they produced three minor children: Noah Swartz, age 6, Drew Swartz, age 8, and Cory Swartz, age 11. After the parties' separation in 1999, paternity was established, and on November 20, 2002, the trial court entered judgment, approving and ordering the parties' agreement, which designated the mother as the residential parent of the minor children, subject to specific visitation rights granted to the father. *Page 3 
 {¶ 3} On June 3, 2004, the father filed the present motion for re-allocation of parental rights and responsibilities and for an order restraining the mother from removing the children from the state of Ohio. The restraining order was granted by the court, and on June 14, 2004, the mother filed a notice of intent to relocate to the state of Michigan.
 {¶ 4} The matter was referred to the court's magistrate, and on July 14, 2004, the magistrate conducted an in camera interview with the children. On November 2, 2004, the court appointed a guardian ad litem to investigate this matter and to make a report to the court, including his recommendation. The motion came on for hearing before the magistrate on December 7, 2004, at which time the mother, the father, and four other witnesses testified. The guardian ad litem did not testify at the hearing but filed his written report on December 8, 2004.
 {¶ 5} Based upon the mother's expressed intent to relocate to Michigan, the magistrate found that a significant change in the circumstances of the minor children had arisen since the prior grant of parenting status. However, the magistrate found it was in the minor children's best interests for the mother to remain as the residential parent. The magistrate recommended that the father's motion to reallocate be denied, but that parenting time be modified to accommodate the move to Michigan. *Page 4 
 {¶ 6} The father filed objections to the magistrate's decision, claiming that the recommendation was against the manifest weight of the evidence and that the magistrate erred in considering the report of the guardian ad litem, which was filed after the conclusion of the hearing. The trial court overruled the objections and entered judgment on the recommendations of the magistrate.
 {¶ 7} It is from this judgment that the father appeals, setting forth two assignments of error for our review. Because the second assignment of error relates to an evidentiary ruling that bears on the manifest weight determination, we will address it first.
 Second Assignment of Error The trial court erred, according to Hancock County Domestic Relations Rule 2.27(D), by permitting the guardian ad litem to submit a final Guardian's report after the conclusion of the final hearing held on December 7, 2004.
 {¶ 8} Pursuant to a motion filed by the mother, the court appointed a guardian ad litem on November 2, 2004. The appointment directed the guardian ad litem to "investigate and report to the court such information as will assist in obtaining what is in the best interest of the children; and shall make recommendations regarding this (sic) children to the court * * *."
 {¶ 9} The father now attempts to challenge the admissibility of the report of the guardian ad litem based upon Hancock County Loc.R. 2.27(D), which provides that "[a]t least fourteen (14) days prior to the final hearing in a pending *Page 5 
action, or as otherwise directed by the court, the guardian ad litem shall submit to the court a written report * * *."
 {¶ 10} The final hearing on this matter was originally scheduled for November 17, 2004; however, upon motion of the father, based upon a request to allow the guardian ad litem additional time to prepare, that hearing was continued to December 7, 2004. The guardian ad litem appeared at and participated in the final hearing on that date. At no time did the father request to inquire of the guardian ad litem as to his report and any recommendation that he might have for the court.
 {¶ 11} At the conclusion of the hearing, the magistrate stated on the record, pursuant to the authority of Loc.R. 2.27(D), the guardian ad litem:
 has a week to prepare a final guardian's report, which will be sent to, you can share it with the attorneys — actually, why don't you file it with the court and the attorneys can come here and read it. If either of you want to respond to the guardian's report, I will give you a week to do that after it has been filed with the court, just saying that it doesn't conform to the evidence, basically.
Counsel for the father acknowledged that order on the record and made no objection to it.
 {¶ 12} With respect to the admission of the guardian ad litem's report and recommendation, it is well established that a trial court has broad discretion in the admission or exclusion of evidence. Rigby v. LakeCounty (1991), 58 Ohio St.3d 269, 271, 569 N.E.2d 1056, citing Evid.R. 401; State v. Sage (1987), *Page 6 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. So long as the court exercises its discretion in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice. Id., citingState v. Finnerty (1989), 45 Ohio St.3d 104, 107, 543 N.E.2d 1233. The term "`abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted.
 {¶ 13} At the December 7, 2004 hearing, the father had the opportunity examine and/or cross-examine the guardian ad litem about his report and recommendation. He had the opportunity to object to the court's order granting an additional week to file the report, and he had the opportunity to request further hearing so he could examine the guardian ad litem on his report and recommendation. He did neither. Therefore, we find that the father waived this issue, and we further find that the trial court has not abused its discretion in admitting the guardian ad litem's report and recommendation into evidence.
 {¶ 14} Accordingly, the father's second assignment of error is overruled.
 First Assignment of Error The trial court's decision was an abuse of discretion and therefore against the manifest weight of the evidence when the court ruled that the minor children shall remain in the custody of Plaintiff-Appellant. *Page 7 
 {¶ 15} In this assignment of error, the father argues that the manifest weight of the evidence indicates it is in the children's best interests to modify parental rights in order for them to remain in Findlay, Ohio, contrary to the decision of the trial court.
 {¶ 16} Trial courts are vested with broad discretion in determining the allocation of parental rights and responsibilities for the care of minor children. Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846, citing Baxter v. Baxter (1971), 27 Ohio St.2d 168,271 N.E.2d 873; Palladino v. Palladino (1971), 27 Ohio St.2d 175,271 N.E.2d 826; Ross v. Ross (1980), 64 Ohio St.2d 203, 414 N.E.2d 426. Therefore, a reviewing court must uphold the trial court's decision in such cases absent an abuse of discretion. Masters v. Masters, 69 Ohio St.3d 83, 85,1994-Ohio-483, 630 N.E.2d 665, citing Miller, at 73-74.
 {¶ 17} An abuse of discretion will only be found where the court's decision is unreasonable, arbitrary, or unconscionable.Blakemore, at 219. Under the abuse of discretion standard, "an appellate court may not merely substitute its judgment for that of the trial court." Blaker v. Wilhelm, 6th Dist. No. WD-04-003, 2005-Ohio-317, at ¶ 10, citing Davis v. Flickinger (1997),77 Ohio St.3d 415, 416, 674 N.E.2d 1159.
 "This highly deferential standard of review rests on the premise that the trial judge is in the best position to determine the credibility of witnesses because he or she is able to observe their demeanor, gestures and attitude. * * *. This is especially true in a child custody case, since there may be much that is evident in *Page 8 the parties' demeanor and attitude that does not translate well to the record."
Id., quoting In re L.S., 152 Ohio App.3d 500, 2003-Ohio-2045,788 N.E.2d 696, at ¶ 12. Accordingly, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConst. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at syllabus.
 {¶ 18} R.C. 3109.04(E)(1)(a) provides:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree * * *, that a change has occurred in the circumstances of the child, his residential parent, * * *, and that modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree, unless a modification is in the best interest of the child and one of the following applies:
 * * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
 {¶ 19} The father concedes the trial court properly found that a change of circumstances had arisen, namely the mother's intended move to the state of Michigan. Therefore, pursuant to R.C. 3109.04, the court was required to make a determination of the best interests of the children in deciding whether to modify residential parenting status as requested by the father. *Page 9 
 {¶ 20} In considering the best interest of a child, the court is mandated "to consider all relevant factors," including a non-exclusive list of ten specified factors. R.C. 3109.04(F)(1). In her decision, the magistrate recited each listed factor and discussed the evidence as it applied thereto. Thereafter, the magistrate concluded it was not in the children's best interests to modify residential parenting. In considering the objections, the trial court reviewed that finding in light of the statutory requirements and independently reached the same conclusion.
 {¶ 21} In reviewing the record, this court finds competent, credible evidence upon which the trial court could rely to find that a change of residential parent was not in the best interests of the children. There was evidence that while the children wished to spend significant time with each parent, the mother was much more involved with the children's schooling, activities, and lives than the father. There was evidence that the mother would more likely facilitate any visitation schedule ordered by the court. There was evidence that while the children expressed a desire to remain in Findlay, this choice was based upon the fact that the father was much more indulgent with the children than the mother. There was evidence that the mother provided a more stable and structured environment for the children, and that the children were better prepared for school when they were with the mother. There was evidence from which the court could infer that the father has not been forthright with stating his income, to the end that *Page 10 
the children have been deprived of child support to which they may have been entitled.
 {¶ 22} After reviewing those factors the trial court discussed in determining the children's best interests, we conclude that the trial court's best interest finding is supported by a substantial amount of credible and competent evidence and was, therefore, not an abuse of discretion. The trial court considered the appropriate statutory factors in making its decision. We may not substitute our judgment for that of the trial court when the trial court's findings are supported by substantial credible and competent evidence. Accordingly, the father's first assignment of error is overruled.
 {¶ 23} For the reasons stated herein, the judgment of the Hancock County Common Court, Juvenile Division, is hereby affirmed.
Judgment affirmed.
 ROGERS, P.J., and SHAW, J., concur.
 (Walters, J., sitting by assignment in the Third Appellate District.)r *Page 1