OPINION
Defendant-appellant, Jessica Lewis, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying her motion for a reallocation of parental rights and responsibilities. We affirm the decision of the trial court.
Appellant and plaintiff-appellee, Mark Lewis, were divorced in February 1995. Appellant was awarded custody of the parties' two children, then ages six and four. In October 1996, the custody arrangement was modified pursuant to an agreed entry which designated appellee the residential parent of the children and granted appellant guideline visitation. However, appellee has consistently provided appellant with more parenting time than she is provided in the parenting order.
In April 2001, appellant filed a motion requesting that the trial court modify its previous allocation of parental rights and responsibilities. Appellant alleged that a change of circumstances had occurred and that it was in the children's best interest that she be named the children's residential parent. Appellant alleged, inter alia, that her remarriage, change of residence, change in the children's school performance, and difficulty communicating with appellee about the children's health issues were all changes warranting the modification.
The motion was denied by the trial court, which found that appellant failed to present evidence of a change of circumstances warranting an inquiry into whether a modification of the prior allocation of parental rights and responsibilities was in the children's best interest. She appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S MOTION FOR MODIFICATION OF PARENTAL RIGHTS AND RESPONSIBILITIES.
A trial court enjoys broad discretion in custody proceedings. Davis v.Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. Because "custody issues are some of the most difficult and agonizing decisions a trial judge must make[,] * * * a trial judge must have wide latitude in considering all the evidence * * * and such a decision must not be reversed absent an abuse of discretion." Id. at 418. The term abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. A reviewing court should be "guided by the presumption that the trial court's findings were indeed correct." Miller v. Miller (1988),37 Ohio St.3d 71, 74.
In determining whether a change of custody is warranted, a court must follow R.C. 3109.04, which provides in pertinent part:
 (E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, * * * and that the modification is necessary to serve the best interest of the child.
Therefore, the modification of a prior allocation of parental rights and responsibilities must be based on some fact that has arisen since the prior order or was unknown at the time of the prior order. R.C.3109.04(E)(1)(a). Although R.C. 3109.04 does not provide a definition of the phrase "change in circumstances," Ohio courts have held that the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child." Rohrbaugh v. Rohrbaugh
(2000), 136 Ohio App.3d 599, 604-05, citing Wyss v. Wyss (1982),3 Ohio App.3d 412. The change must be one "of substance, not a slight or inconsequential change." Flickinger at 418.
Appellant argues that there was evidence to establish a change in circumstances. Specifically, she contends that the children's school performance has deteriorated and that the children have expressed a desire to live with her. She stressed the fact that she and appellee sometimes disagree on school and healthcare issues. As well, appellant alleges that her recent remarriage and move constitute a change of circumstances.
We initially note that the change in circumstance must relate to the children or the children's residential parent. R.C. 3109.04(E)(1)(a);Wysong v. Wysong (Feb. 11, 2002), Preble App. No. CA2001-06-011, unreported. The change in appellant's living arrangement and work schedule are not changes which relate to either the children or appellee, the residential parent, and thus do not constitute a change of circumstance warranting a modification of the prior allocation of parental rights and responsibilities.
The parties acknowledge that their oldest daughter suffers from a medical condition which leads to incontinence. However, it is a condition that she has had since infancy. Granted, as she grows older, the manner in which the parties handle her care may change. However, this is not a circumstance which has arisen subsequent to the previous order allocating parental rights and responsibilities, and accordingly does not establish a change in circumstances. While appellant contends that the parties are unable to agree as to the appropriate way in which to handle this issue, there is no indication that they used to be in agreement, or that appellee's handling of the condition has varied from past practice or is in any way detrimental to the child.
Appellant's allegation that the children's school performance has deteriorated was established only by her testimony. She offered no other evidence to support this allegation. As well, there is no evidence other than her testimony to support the assertion that the children now desire to live with her rather than appellee. Accordingly, we find that the trial court did not abuse its discretion in determining that these allegations do not present evidence sufficient to support a finding of a change in circumstances.
Appellant also takes issue with the following admonishment made by the trial court in its decision:
 I strongly urge the parties to cooperate with one another with respect to medical issues and decisions in the children's school performance, as it is in the children's best interests to have consistent assistance, guidance and discipline from both parents.
Appellant contends that this language is contradictory with the trial court's ultimate conclusion that a change of circumstances had not occurred.
We disagree. This advisory language cautions the parties that their cooperation on parenting issues would be in the children's best interests. The statement offers guidance and is not an acknowledgment of a change of circumstance necessitating an inquiry into the children's best interests.
Upon review of the entire record, we find that appellant failed to present evidence of a change of circumstances warranting a modification of parental rights and responsibilities. Accordingly, we find that the trial court did not abuse its discretion by finding that a change of circumstances had not occurred and denying appellant's motion. The assignment of error is overruled.
Judgment affirmed.
POWELL and YOUNG, JJ., concur.