OPINION
{¶ 1} On February 5, 2001, appellee, Mary Bingley, filed a motion for custody of Devin Stone, her grandson, at the time, age nine. Appellee is Devin's maternal grandmother. Mother of Devin is appellant, Cara Creamer; father is Gavin Ray Stone. On March 20, 2001, appellee filed a third-party complaint for custody.
 {¶ 2} Several hearings before a magistrate were held. By decision filed January 7, 2002, the magistrate recommended granting appellee residential and legal custody of Devin. Appellant filed objections on January 22, 2002. By judgment entry filed July 16, 2002, the trial court overruled the objections and approved and adopted the magistrate's decision.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The court sub judice abused its discretion when it ordered that Bingley have residential and legal custody of Devin as its finding that Creamer is an unsuitable parent is not based upon competent, credible evidence."
 I {¶ 5} Appellant claims the trial court erred in determining she was unsuitable and in granting residential and legal custody to appellee. We disagree.
 {¶ 6} By judgment entry filed July 16, 2002, the trial court sustained the magistrate's decision which stated appellant "is unable to provide care and support and an award of custody * * * to her would be detrimental to the child." See, Magistrate's Decision filed January 7, 2002. The trial court concluded the child's best interests would be "best served by custody with" appellee. In so concluding, the trial court adopted the following findings of fact from the magistrate's decision:
 {¶ 7} "(a) Plaintiff is the child's mother, Defendant Gavin Ray Stone is the child's father.
 {¶ 8} "(b) The child prefers to live with his grandmother, the Third-party Defendant, based upon two in-camera interviews.
 {¶ 9} "(c) Third-party Defendant has been the care-giver and care taker for the child either solely, or jointly with the Plaintiff, for most of the child's life, e.g. since age fourteen (14) months.
 {¶ 10} "(d) Plaintiff's marriage is chaotic, violent, and exposed the child to high levels of dysfunction when the child was present with Plaintiff and her husband.
 {¶ 11} "(e) Plaintiff has an extensive history of minor criminal and traffic offenses, incarcerations, domestic violence, most of these involving the impact of alcohol. Plaintiff left the Court at a break in a hearing to avoid her probation officer.
 {¶ 12} "(f) Third-party Defendant has provided emotional parental support through the child's school, by attending school functions and conferences, but Plaintiff has not attended any school related functions.
 {¶ 13} "(g) The Guardian ad litem recommends that May (sic) Bingley be designated custodian." See, Magistrate's Decision filed January 7, 2002.
 {¶ 14} In a case involving an award of custody to a nonparent, the standard has been set by the Supreme Court of Ohio in In re Perales
(1977), 52 Ohio St.2d 89, syllabus:
 {¶ 15} "In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child."
 {¶ 16} Our review is limited to the standard set forth inReynolds v. Goll, 75 Ohio St.3d 121, 124, 1996-Ohio-153:
 {¶ 17} "Thus, we adhere to the established rule that `[i]n proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important.' Trickey v.Trickey (1952), 158 Ohio St. 9, 13, 47 O.O. 481, 483, 106 N.E.2d 772,774. As we stated in Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846, 849: `The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. Trickey v.Trickey (1952), 158 Ohio St. 9, 13, 47 O.O. 481, 483, 106 N.E.2d 772,774. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct. See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276.'"
 {¶ 18} In her brief, appellant does not challenge the magistrate's or trial court's perception of her past behavior. She argues she is discussing divorce with her present spouse who is currently in jail and has been a "major source of stress in her life." Appellant's Brief at 5; August 23, 2001 T. at 26-27, 119-121. She currently has a "clean, two-bedroom apartment" and "is gainfully employed full-time at a glass shop, and is doing well as evidenced by her raise in salary." Appellant's Brief at 5; Id. at 121-122. At the time of the hearing, appellant was on probation for domestic violence, and claimed she has been substance free. Id. at 48, 127.
 {¶ 19} Appellant planned to keep the child in the same school district, but had no plans on how he would get to the school. Id. at 130-131. During the past year, she had not participated in any school conferences, nor had she ever met her child's teacher. June 1, 2001 T. at 11-12; August 23, 2001 T. at 135. Her relationship with the child had deteriorated during the six months prior to the hearing. August 23, 2001 T. at 136-137. During the time appellee had the child, appellant provided child support only when the child's father paid it to her. June 1, 2001 T. at 84-85; August 23, 2001 T. at 29-30. When appellee had the child, appellant did not concern herself with the child's medical and dental needs. August 23, 2001 T. at 35-37. Since 1994, appellant has faced domestic violence, disorderly conduct, telecommunications harassment, DUI, driving under suspension and drug abuse charges. June 1, 2001 T. at 23-24, 36-37; August 23, 2001 T. at 48, 57-58, 71-79. Although appellant denied her spouse lived with her, her probation officer heard information that he still lived there. June 1, 2001 T. at 24-25; 45. Since her release from jail, appellant has violated some of the conditions of her probation, namely, frequented a bar, tested positive for marijuana and failed to attend the recommended DARR program. June 1, 2001 T. at 26-27, 40-41. The probation officer anticipated serving appellant with a probation violation notice. Id. at 28.
 {¶ 20} Appellee testified the child has lived with her off and on since birth and at one point, received temporary custody of the child through child services. Id. at 57-60. In fact, even when appellant regained custody, the child still resided with appellee. Id. at 63. Prior to the custody complaint being filed, appellant showed up at appellant's home a couple of times drunk, and attempted to take the child. Id. at 64-66. During the trial court's in camera interview with the child, the child stated he believed his mother drank alcohol in his presence, smelled of alcohol during visitations, and observed "fighting and arguing" between appellant and her husband. June 1, 2001 T. at 9-10, 13-14; August 23, 2001 T. at 4-5, 11-12.
 {¶ 21} We find the record more than substantiates the trial court's conclusion of unsuitability and detriment to the child if appellant was to have custody. The trial court did not abuse its discretion in granting appellee residential and legal custody of the child.
 {¶ 22} The sole assignment of error is denied.
 {¶ 23} The judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Wise, J. concur.
Topic: Residential Legal custody to maternal grandmother.