OPINION
{¶ 1} Appellant, Francois J., appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, granting legal custody of his three children to their maternal grandmother.
 {¶ 2} The Butler County Children Services Board (BCCSB) filed a complaint on March 29, 2004, alleging that appellant's three children, D.J., S.J. and F.J., were neglected and dependent. On May 19, the children we adjudicated dependent and placed in the temporary custody of their maternal grandmother, Carol M.
 {¶ 3} On January 25, 2005, BCCSB filed a motion requesting that the trial court grant legal custody of the children to their maternal grandmother. After a hearing, the magistrate issued a decision granting legal custody of the children to the grandmother. Appellant's objections to the magistrate's decision were overruled by the trial court.
 {¶ 4} Appellant now appeals the trial court's decision to grant legal custody of his children to their grandmother. He raises the following single assignment of error for our review:
 {¶ 5} "THE TRIAL COURT'S DECISION PLACING LEGAL CUSTODY WITH THE MATERNAL GRANDMOTHER IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
 {¶ 6} Appellant argues on appeal that a trial court must find by clear and convincing evidence that it is in a child's best interest to grant permanent custody to the agency and that the child can not be placed with either parent within a reasonable time. However, permanent custody was not granted in this case. Instead, the issue in this case is legal custody, which involves a different standard. A grant of legal custody is reviewed under a less stringent standard than a grant of permanent custody because is not as drastic a remedy as permanent custody as parents retain residual rights and have the opportunity to request the return of their children. In re Nice,141 Ohio App.3d 445, 455, 2001-Ohio-3214; In re A.W.-G., Butler App. No. CA2003-04-099, 2004-Ohio-2298, at ¶ 7.
 {¶ 7} A trial court reviews a magistrate's decision granting legal custody under a preponderance of the evidence standard. Inre Nice at 455; In re D.R., Butler App. No. CA2005-06-150,2006-Ohio-340, ¶ 10. "Preponderance of the evidence" means evidence that is more probable, more persuasive, or of greater probative value. Id. An appellate court reviews legal custody determinations for an abuse of discretion. Id.; In re D.P.,
Franklin App. Nos. 05AP-117, 05AP-118, 2005-Ohio-5097, ¶ 52. Abuse of discretion connotes more than an error of law or judgment, and implies that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Further, credibility issues are critical in custody cases, and the demeanor and attitude of the witnesses may not translate into the record.Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Therefore, an appellate court affords deference to a judge or magistrate's findings regarding witnesses' credibility. In re D.R. at ¶ 12.
 {¶ 8} When a child has been adjudicated dependent, disposition of the child is governed by a determination of what is in the best interest of the child. In re D.R. at ¶ 15; Inre A.W.-G. at ¶ 6. The trial court found that it was in the best interest of appellant's children to grant legal custody to their grandmother. After a review of the record, we find that the trial court did not abuse its discretion, as a preponderance of the evidence supports the decision that it was in the best interest of the children to grant legal custody to the maternal grandmother.
 {¶ 9} At the hearing, Michelle Fuller, the BCCSB caseworker, testified that the agency became involved with the family due to substance abuse problems with the parents. She stated that the agency received information that the father was the mother's supplier for crack cocaine. The agency's case plan included a substance abuse evaluation for both parents and domestic violence classes for appellant. She testified that appellant has not completed either case plan requirement and has not contacted her in regard to the programs. Fuller also testified that in September 24, 2004, the court ordered visitations to take place at BCCBS and that, after this time, appellant visited his children only once prior to the June 2005 hearing. She stated that she also received a report that appellant visited with the children outside of the agency one time when his mother picked the children up and took them to McDonald's.
 {¶ 10} Fuller indicated that she observed an agency visit between appellant and the children and described it as "chaotic." She said one of the children was acting out and misbehaving, trying to get appellant's attention and appellant did not know how to handle it. She indicated that the other two children really did not know what to do and one of them asked to leave before the visit was over.
 {¶ 11} Fuller testified that the children's mother, Krissy Y., is in a recovery program for substance abuse. She indicated that the mother is making progress, and doing what she needs to, but still has a long road ahead of her. She stated that the mother is doing well, but until the program is completed, she would recommend that visits be supervised. Fuller stated that the children are doing well living with their grandmother, the home is appropriate and she has no concerns. The children are bonded to their grandmother and to each other. She testified that one of the children has seizures due to a medical condition and that the grandmother is able to take care of the child and make sure she takes her medication and attends doctor appointments. The guardian ad litem in the case also recommended granting legal custody to the maternal grandmother.
 {¶ 12} Appellant testified that he now resides in Virginia because he has cancer and wanted to be with relatives. He stated that he only finished two of the six required substance abuse classes and did not enter into the domestic violence classes that the agency required him to attend. He stated that the children's mother had problems with crack cocaine. He admitted that he has a history of domestic violence, but minimized the extent of the problems.
 {¶ 13} The children's mother testified that the main requirement for her in the agency's case plan was that she receive substance abuse treatment. She testified that she got into a program as soon as possible and is currently in a recovery center. She indicated that she is making progress. The mother testified that appellant has problems with domestic violence and on one occasion he stabbed her five times and on another, fractured her mother's cheekbone. She stated that she was in favor of the grandmother being granted legal custody of her children.
 {¶ 14} Given these facts, the trial court did not abuse its discretion in finding that it was in the children's best interest to grant legal custody to their maternal grandmother. The children were removed from the home due to problems with drug abuse and domestic violence. The children's mother is currently in a drug rehabilitation program and although she is making progress, it will be some time before she is ready to assume custody of the children. Appellant has failed to visit the children, has made no progress on the case plan prepared by BCCSB, and, according to his testimony at the hearing, has cancer. The children are doing well and living in an appropriate home with their grandmother, who is meeting their needs, including the special physical needs of one of the children. Accordingly, appellant's assignment of error is overruled.
 {¶ 15} Judgment affirmed.
Powell, P.J., and Young, J., concur.