OPINION *Page 2 
{¶ 1} Appellant Sandra Whitley appeals the decision of Holmes County Court of Common Pleas, Juvenile Division, which awarded legal custody of her grandson, D.B.E., born in 1997, to Appellee John Plant, the child's paternal uncle. The relevant facts leading to this appeal are as follows.
 {¶ 2} On July 15, 2007, D.B.E.'s father and custodian, Ira Plant, passed away. At that time, D.B.E.'s mother was in jail due to a probation violation. On July 24, 2007, the Holmes County Department of Job and Family Services ("HCDJFS") filed a complaint alleging dependency.
 {¶ 3} The trial court found D.B.E. to be a dependent child via a judgment entry on August 20, 2007, following an adjudicatory hearing. The court further ordered temporary custody to be maintained with HCDJFS, with placement to Appellant Sandra. Home studies were ordered, and at the dispositional hearing on September 10, 2007, the case was maintained status quo.
 {¶ 4} As the case progressed, Appellant Sandra, Appellee John, and Charles Plant (paternal grandfather) each filed motions for custody of D.B.E. A custody evidentiary hearing was conducted on May 16 and 20, 2008. The court excused HCDJFS from participating at that time.
 {¶ 5} On July 25, 2008, the trial court issued a thirty-three page judgment entry with findings of fact and conclusions of law. The court therein ordered that legal custody of D.B.E. was granted to John and Virginia Plant, effective August 11, 2008. Sandra was granted visitation rights pursuant to the local rule of the Juvenile Court. *Page 3 
 {¶ 6} On August 8, 2008, Appellant Sandra Whitley filed a notice of appeal. She herein raises the following three Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT'S ORDER AWARDING LEGAL CUSTODY OF THE MINOR CHILD, D.B.E., TO JOHN PLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IN DIRECT OPPOSITION TO THE BEST INTERESTS OF THE MINOR CHILD.
 {¶ 8} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED LEGAL CUSTODY OF THE MINOR CHILD, D.B.E., TO JOHN PLANT.
 {¶ 9} "III. THE TRIAL COURT'S ORDER AWARDING CUSTODY OF THE MINOR CHILD, D.B.E., TO JOHN PLANT WAS AN ABUSE OF ITS DISCRETIONARY POWERS."
 I., II., III. {¶ 10} In her First, Second, and Third Assignments of Error, Appellant Sandra Whitley challenges the trial court's grant of legal custody of D.B.E. to Appellee John Plant and his wife, Virginia Plant.
 {¶ 11} R.C. 2151.353(A) states in pertinent part: "If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
 {¶ 12} "* * *
 {¶ 13} "(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. * * *." *Page 4 
 {¶ 14} Despite the differences between a disposition of permanent custody and a disposition of legal custody, some Ohio courts have recognized that "the statutory best interest test designed for the permanent custody situation may provide some `guidance' for trial courts making legal custody decisions." In re A.F., Summit App. No. 24317,2009-Ohio-333, ¶ 7, citing In re T.A., Summit App. No. 22954,2006-Ohio-4468, ¶ 17.
 {¶ 15} Furthermore, because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such a decision must not be reversed absent an abuse of discretion. Davis v.Flickinger (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, citingMiller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. The Ohio Supreme Court has also explained: "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81,461 N.E.2d 1273. Likewise, "[e]very reasonable presumption must be made in favor of the judgment and the findings [of the juvenile court]. * * * If the evidence susceptible to more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, and most favorable to sustaining the [juvenile] court's verdict and judgment." In re: MB, Summit App. No. 21812, 2004-Ohio-2666, citingKarches v. Cincinnati (1988), 38 Ohio St.3d 12, 526 N.E.2d 1350. It is well established that the trial court, as the fact finder, is free to believe all, part, or none of the testimony of each witness. State v.Caldwell (1992), 79 Ohio App.3d 667, 679, 607 N.E.2d 1096. In contrast, as an *Page 5 
appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758.
 {¶ 16} In the case sub judice, the trial court thoroughly analyzed the facts presented in light of the applicable best interest factors found in R.C. 2151.414(D) and (E). The court's findings, as buttressed by our review of the record, indicate that D.B.E. has a good relationship with his mother, and that Appellant Sandra, the child's maternal grandmother, is supportive of his school and athletic activities, and that custody to Sandra would facilitate D.B.E.'s relationship with his mother and half-brother.[1] On the other hand, Appellee John, D.B.E.'s paternal uncle, had a limited relationship with the child prior to the death of Ira, the child's father. John had earlier taken a more passive approach with the child because he was not the legal custodian and didn't want to cause problems.
 {¶ 17} The trial court also interviewed D.B.E. to assess his wishes regarding his care. The guardian ad litem recommended a grant of custody to John, with liberal visitation to mother and Sandra, although the child's attorney advocated for custody to Sandra.
 {¶ 18} In regard to D.B.E.'s custodial history, the evidence indicated that the child was with his mother from birth until October 2004, when he went to live with Sandra due to the mother's injuries in a car accident. D.B.E. stayed with Sandra for about fifteen *Page 6 
months, at which time he went to live with his father, Ira. When Ira passed away in 2007, placement was returned to Sandra. The mother did not seek to regain custody during the proceedings at issue. She also did not testify so as to express a position on the custody issue.
 {¶ 19} The trial court also considered D.B.E.'s adjustment to home, school, and community, concluding that he was well-adjusted in these areas. The child's counselor, Lori Johnson, LISW, indicated that D.B.E. felt secure in Sandra's home, although he had had some recent minor disciplinary problems at school. The court noted that D.B.E. would remain in the same school and community if John were to be named custodian.
 {¶ 20} The issue of future visit facilitation was also reviewed. John had missed several visits with D.B.E., for which the court placed a large measure of responsibility on Sandra. The court also did not believe that Sandra, following the death of Ira, "made a serious or lasting effort to foster [D.B.E.'s] relationship with his father's family." Judgment Entry at 15. The court concluded that John, in contrast, would willingly facilitate visitation with D.B.E.'s maternal relatives, including Sandra.
 {¶ 21} The trial court also emphasized the important issue of substance/alcohol use regarding Appellant Sandra and Appellee John. Sandra has admitted to using marijuana since the time D.B.E. has resided there, although she maintained that this would only occur when no one else was in the residence. A drug counselor opined that Sandra is cannabis-dependent, and is most likely to use under stress. Although noting Sandra's participation in group and individual drug treatment, the trial court was troubled by Sandra's continued use even while a contested custody case was pending. The *Page 7 
court expressed concern that the child would eventually become aware of Sandra's illegal use of marijuana.
 {¶ 22} John is admittedly a recovering alcoholic, and has had two DUI convictions in his life. He has not had any professional counseling or treatment for alcoholism other than a court-ordered program at the time of these past DUI convictions. John and Virginia testified that there is no alcohol in their home, and John asserted that he has not consumed any alcohol since August 2001. Additionally, the court found John could serve in the capacity of an adult male role model, but that there was no evidence to support the availability of such a person in Sandra's home.
 {¶ 23} As in many appeals of custody issues this Court has reviewed, we are confident in this case that both appellant and appellee care greatly about the child's welfare and both believe they can provide for his optimal care. However, upon review of the record and the extensive findings of fact and conclusions of law therein, we reach the conclusion that the trial court's grant of legal custody of D.B.E. to John and Virginia Plant was supported by the evidence presented, was made in the consideration of the child's best interests, and did not constitute error or an abuse of discretion. *Page 8 
 {¶ 24} Appellant's First, Second, and Third Assignments of Error are therefore overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Holmes County, Ohio, is hereby affirmed.
Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Holmes County, Ohio, is affirmed.
Costs assessed to appellants.
[1] We note Sandra periodically labels herself as the child's "de facto parent" in her brief. However, we reject any suggestion that Sandra should have been treated as a parent in terms of legal standing in the case. *Page 1