[Cite as *In re C.C.*, 2011-Ohio-1624.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  | : | JUDGES: |
| --- | --- | --- |
|  | : |  |
|  | : | Hon. William B. Hoffman, P.J. |
| IN RE C.C. & N.C. | : | Hon. Sheila G. Farmer, J. |
|  | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
|  | : | Case No. 2010 CA 0088 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
Common Pleas, Juvenile Division, Case
Nos. C 2008-0937, C 2008-0938


JUDGMENT:                                  AFFIRMED


DATE OF JUDGMENT ENTRY:          March 31, 2011


APPEARANCES:

For Mother-Appellant:                         For LCDJFS-Appellee:

ERIC J. MCENANEY                             KENNETH W. OSWALT
21 W. Church St., Suite 201                   LICKING COUNTY PROSECUTOR
Newark, OH 43055
                                              ALICE L. BOND
                                              Assistant Prosecuting Attorney
                                              20 S. Second St., 4th Floor
                                              Newark, OH 43055

*Delaney, J.*

{¶1}   Mother-Appellant Susan Clouse appeals the July 9, 2010 judgment entry of the Licking County Court of Common Pleas, Juvenile Division, granting legal custody of C.C. and N.C. to Appellant's sister, Lorie Massie.

## STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant is the mother of C.C., born September 10, 2002, and N.C., born September 8, 2004.   Father of the children is Michael Clouse.   He is currently incarcerated for his conviction on two counts of Gross Sexual Imposition involving Appellant's older daughter.

{¶3}   On October 9, 2008, a social worker and Appellant's probation officer discovered Appellant intoxicated in her home with N.C. in her care.   Marijuana and pills were found in the home.   The children were temporarily placed with their grandparents.

{¶4}   On December 4, 2008, the Licking County Department of Job and Family Services ("LCDJFS") filed a complaint with the Licking County Court of Common Pleas, Juvenile Division, alleging that C.C. and N.C. were dependent children and asked for temporary custody of the children.   At the shelter care hearing, the trial court granted Lorie Massie, Appellant's sister, temporary custody of C.C. and N.C.   Massie also had custody of Appellant's older daughter after Appellant's husband was convicted of Gross Sexual Imposition.   It was alleged that Appellant did not believe her daughter's allegations and could not protect her from her husband.   The trial court ordered Appellant to complete a psychological evaluation, to attend a drug and alcohol evaluation and counseling, and to submit to random drug and alcohol screening.

{¶5} An adjudicatory hearing was held on February 17, 2009. At that hearing, C.C. and N.C. were found to be dependent children. The dispositional orders continued temporary custody with Massie. A case plan submitted by LCDJFS was approved by the trial court.

{¶6} During this time, Appellant was granted unsupervised visitation with the children. Appellant and Massie resided in the same apartment complex. Massie permitted the children to be with Appellant a majority of the time. Appellant's social worker, Angel Pound, was aware of this arrangement.

{¶7} On October 9, 2009, LCDJFS filed a motion to modify disposition to return legal custody to Appellant. LCDJFS cited Appellant's significant progress on her case plan and that she was attending drug and alcohol counseling. However, on October 29, 2009, LCDJFS withdrew their motion to modify based on a domestic violence incident involving Appellant on October 23, 2009. Appellant was charged with Domestic Violence regarding an incident where Massie was the alleged victim. It was alleged that the incident involved alcohol. LCDJFS also requested that Appellant's visitation with the children be supervised by the agency.

{¶8} After the domestic violence charge in October 2009, Appellant made no further progress with her case plan. She moved from the area and resided with another family in McConnelsville, Morgan County, Ohio.

{¶9} On January 13, 2010, LCDJFS filed a Motion to Modify Disposition to grant legal custody of the children to Massie. The Guardian ad Litem recommended that Massie be granted legal custody of the children. A hearing was held before the Magistrate on March 19, 2010.

{¶10} At the hearing, Appellant, Pound, and Massie testified. Pound recommended that legal custody be awarded to Massie. Massie testified that she was bonded with the children. Her husband was employed at Wal-Mart and Massie worked in the home. The children had their own bedroom. The children were doing well at school while in Massie's care. Massie testified that she had prior criminal convictions for theft in 1988 and passing bad checks in 2004.

{¶11} The Magistrate's Decision was filed on April 3, 2010 granting legal custody of C.C. and N.C. to Massie. Appellant filed objections to the Magistrate's Decision.

{¶12} On July 9, 2010, the trial court overruled Appellant's objections and adopted the Magistrate's Decision granting legal custody of the children to Massie.

{¶13} It is from this decision Appellant now appeals.

**ASSIGNMENT OF ERROR**

{¶14} Appellant raises one Assignment of Error:

{¶15} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DETERMINING THAT IT WAS IN THE CHILD'S BEST INTEREST TO BE PLACED INTO THE LEGAL CUSTODY OF THE FOSTER PARENTS, AS SUCH A DETERMINATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**I.**

{¶16} Appellant argues in her sole Assignment of Error that it was not in the children's best interests to be placed in the legal custody of Massie. We disagree.

{¶17} We first note this was a grant of legal custody, not permanent custody. Legal custody does not divest parents of residual parental rights, privileges, and responsibilities. *In re C.R.,* 108 Ohio St.3d 369, 2006-Ohio-1191, 843 N.E.2d 1188, at

paragraph 17.  This means Appellant may petition the court for a modification of custody in the future.  Id.

{¶18}  R.C. 2151.353(A) states in pertinent part: "If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

{¶19}  " * * *

{¶20}  "(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings.  * * *."

{¶21}  Despite the differences between a disposition of permanent custody and a disposition of legal custody, some Ohio courts have recognized that "the statutory best interest test designed for the permanent custody situation may provide some 'guidance' for trial courts making legal custody decisions."  *In re A.F.,* Summit App. No. 24317, 2009-Ohio-333, ¶ 7, citing *In re T.A.,* Summit App. No. 22954, 2006-Ohio-4468, ¶ 17.

{¶22}  Furthermore, because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such a decision must not be reversed absent an abuse of discretion.  *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, citing *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846.  The Ohio Supreme Court has also explained: "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court.  A finding of an error in law is a legitimate

ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273. Likewise, "[e]very reasonable presumption must be made in favor of the judgment and the findings [of the juvenile court].  * * * If the evidence susceptible to more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, and most favorable to sustaining the [juvenile] court's verdict and judgment." *In re: MB,* Summit App. No. 21812, 2004-Ohio-2666, citing *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 526 N.E.2d 1350.  It is well established that the trial court, as the fact finder, is free to believe all, part, or none of the testimony of each witness. *State v. Caldwell* (1992), 79 Ohio App.3d 667, 679, 607 N.E.2d 1096.  In contrast, as an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base its judgment.  *Cross Truck v. Jeffries* (February 10, 1982), Stark App. No. CA-5758.

{¶1}    In determining the best interest of the child in a permanent custody case, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶23} Under the facts of this case, we cannot say the trial court abused its discretion in granting legal custody of C.C. and N.C. to Massie.

{¶24} The record shows that until October 2009, Appellant was successfully working on her case plan to the stage that LCDJFS moved for modification of legal custody of the children back to Appellant. In October 2009, however, Appellant was involved in a domestic violence incident with Massie. At that time, Appellant admittedly stopped working on her case plan that would help her reunify with her children. Appellant testified that she did not want to work with Pound, her social worker, anymore and she moved away from the area.

{¶25} The Guardian ad Litem and Pound reported that the children were doing well with Massie. Massie provided the children with a stable living environment. While Massie did let Appellant care for the children while the children were to be in Massie's custody, Pound was aware of the arrangement and did not intercede.

{¶26} Upon the facts presented, we find that the trial court did not abuse its discretion in finding that it was in the children's best interests to be placed in the legal custody of Massie.

{¶27} Appellant's sole Assignment of Error is overruled.

{¶28} The judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.

By: Delaney, J.

Hoffman, P.J. and

Farmer, J. concur.


_____

HON. PATRICIA A. DELANEY


_____

HON. WILLIAM B. HOFFMAN


_____

HON. SHEILA G. FARMER

[Cite as *In re C.C.*, 2011-Ohio-1624.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE C.C. & N.C. | : | |
| | : | JUDGMENT ENTRY |
| | : | |
| | : | Case No. 2010 CA 0088 |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to Appellant.

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. SHEILA G. FARMER