[Cite as *Hoskins v. Hoskins*, 2013-Ohio-1126.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT HOSKINS, | : | APPEAL NOS. C-120130 |
| | | C-120213 |
| Plaintiff-Appellant, | : | TRIAL NO. DR-1002604 |
| vs. | : | *O P I N I O N.* |
| KRISTEN HOSKINS, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: March 27, 2013

*Robert H. Hoskins,* pro se.

*Katz, Greenberger, & Norton, LLP*, and *Christina Yager,* for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    In this divorce proceeding, defendant-appellant Robert Hoskins claims that the trial court erred when it: (1) awarded defendant-appellee Kristen Hoskins $43,391.50 in marital equity; (2) failed to modify child and spousal support based on his decreased income; (3) improperly set the couple's parenting schedule; and (4) ordered him to pay half of her attorney fees.  Because we conclude that the trial court abused its discretion when it accepted an improper valuation for the marital home, we must reverse.

{¶2}    The parties were married in 2003 and had two children.  Mr. Hoskins filed for divorce when he learned that Ms. Hoskins was having an affair with a neighbor.  Mr. Hoskins had worked as an attorney at a large Cincinnati law firm, and later had worked there supervising the technological aspects that come with modern complex litigation.  During the divorce proceedings, he was fired from that position and began his own practice.  The couple had reached an agreement in which they shared custody of the children.

{¶3}    In his first assignment of error, Mr. Hoskins claims that the trial court improperly credited Ms. Hoskins with marital equity as it related to the value of their marital home.  Ms. Hoskins called a surveyor and an appraiser to testify as to the value of the property.  They testified that, if the property were subdivided and sold separately, it would be worth $370,000.  But neither witness testified that the land could be subdivided and the resulting two parcels successfully sold separately.  There was no evidence that building on the subdivided lot would be permitted by either applicable zoning laws or the lienholders, or that there would be any other market

for the parcels. The only evidence before the court was that the property as a whole was appraised at $275,000. Because the trial court's $370,000 valuation of the home was not based on competent, credible evidence, the decision of the trial court regarding marital equity must be reversed. We sustain the first assignment of error.

{¶4} The improper property valuation also effects Mr. Hoskins's second assignment of error relating to the award of spousal and child support. When calculating the lump sum spousal award, the marital equity was a factor. In light of the above analysis, the trial court must also reconsider its award of spousal support when it makes the adjustments outlined under the first assignment of error.

{¶5} The award of child support is another matter. Mr. Hoskins contends, and it is not disputed, that he was not making nearly as much money as he was when he was employed by the large firm. He challenges, in essence, the determination by the trial court that he was voluntarily underemployed.

{¶6} Whether a parent is voluntarily underemployed, and the amount of potential income to be imputed for child support are determinations that this court will not disturb absent a demonstration that the trial court abused its discretion. *Rock v. Cabral*, 67 Ohio St.3d 108, 616 N.E.2d 218 (1993), syllabus.

{¶7} In this case, the trial court concluded that Mr. Hoskins "was terminated for cause (lack of performance and missing time from work) and therefore he is voluntarily underemployed." Testimony in the record from supervisors indicated that Mr. Hoskins had failed to perform his work satisfactorily, and that he had missed work without permission in order to litigate cases on which he had been working with his former law firm.

{¶8} In light of the record before us, we cannot say that the trial court abused its discretion. While it may well be true that Mr. Hoskins is not now in a position to make the amount of money he had made while at the law firm, it was his conduct that placed him in that position. Obviously, this does not foreclose the possibility of his seeking to have the order modified at some future time when he can establish that, through diligence, he is earning the most that can be expected.

{¶9} Having considered both issues, we sustain Mr. Hoskins's assignment of error as it relates to spousal support, but overrule it as it relates to child support.

{¶10} In his third assignment of error, Mr. Hoskins argues that the trial court erred when it failed to adopt the parenting schedule submitted by the court's parenting investigator, and instead issued a standard visitation order. We disagree.

{¶11} The trial court has broad discretion when setting a parenting schedule. *Miller v. Miller*, 37 Ohio St.3d 71, 523 N.E.2d 846 (1988). The schedule proposed would have been very difficult to implement, requiring the shifting of custody at awkward times. Even the investigator who proposed the plan conceded that "it's not ideal. I would be the first to say that. That's a lot of back and forth. We like to avoid back and forth." As Ms. Hoskins notes, it was well within the trial court's discretion to determine that the logistical burden of transportation on the parents, and more importantly, the disruption in the stability caused by daily change in environment under the particular suggested provision, was not in the children's best interest. We overrule Mr. Hoskins's third assignment of error.

{¶12} In his final assignment, Mr. Hoskins argues that the trial court erred when it ordered him to pay half of Ms. Hoskins's attorney fees. He argues that he should not have to pay for attorney fees incurred by Ms. Hoskins in the unsuccessful

litigation of a related civil-protection-order case. But the trial court ordered Mr. Hoskins to pay $30,000 of a $62,000 debt. Nothing in the record indicates that Mr. Hoskins was ordered to pay for the collateral matter. If the trial court had actually ordered Mr. Hoskins to pay "half" of the total bill, and that bill contained the related matter, then there would be an issue. But as it stands, the record does not support the claim of error that Mr. Hoskins makes.

{¶13} The trial court made the award because "the divorce [had] been extensive and protracted," Mr. Hoskins had filed "at least one" frivolous motion, and he was a licensed attorney acting pro se who "contested almost every issue." Ohio courts have held that, regardless of ability to pay, the trial court may award attorney fees if the other spouse used tactics that prolonged the litigation. *Metz v. Metz*, 1st Dist. No. C-050463, 2007-Ohio-549, ¶ 45. We overrule Mr. Hoskins's fourth assignment of error.

{¶14} Having considered all four assignments of error, we conclude that the trial court improperly valued the marital property. We reverse the trial court's judgment as to the valuation of the marital property, the award of marital equity, and the lump sum spousal award, and we remand this cause with instructions to the trial court to use the only valuation proven in the record, and to make such adjustments to spousal support as this modification would require. We affirm the judgment of the trial court in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**HILDEBRANDT, P.J.**, and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.