[Cite as *In re D.C.*, 2014-Ohio-286.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| IN THE MATTER OF: | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| | Hon. John W. Wise, J. |
| D.C., JR. | Hon. Craig R. Baldwin, J. |
| | |
| | Case No. 13 CA 51 |
| | |
| | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 10 AB 233

JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     January 27, 2014


APPEARANCES:

For Appellee                                           For Appellant Mother

GREGG MARX                                        JAMES FIELDS
PROSECUTING ATTORNEY                  117 West Main Street
JULIE S. BLAISDELL                             Suite 206
ASSISTANT PROSECUTOR                    Lancaster, Ohio  43130
239 West Main Street, Suite 101
Lancaster, Ohio  43130

For D.C., Jr.

JAMES DYE
Post Office Box 161
Pickerington, Ohio  43147

*Wise, J.*

{¶1}   Appellant Angel C. appeals from the decision of the Fairfield County Court of Common Pleas, Juvenile Division, Richland County, which found her son, D.C., Jr., to be a dependent child and awarded legal custody of him to his maternal great-grandparents, Betty and Elsworth Pierce. The relevant procedural facts leading to this appeal are as follows.[1]

{¶2}   D.C., Jr. was born in July 2010 to Appellant Angel C. and the father, David C. Appellant thereafter became involved with the agency due to concerns regarding her parenting abilities and mental health issues. (David was in prison at that time). On December 9, 2010, a dependency complaint was filed by Fairfield County Child Protective Services ("FCCPS"). On February 8, 2011, the trial court found D.C., Jr. to be a dependent child, and he was ordered into the temporary custody of said agency. The agency began the implementation of a case plan. Said plan called for appellant to attend parenting classes, complete a psychological examination, complete mental health counseling, address her anger issues, and maintain stable housing. On June 22, 2011, the agency filed a motion requesting that the child be placed in the legal custody of Betty and Elsworth Pierce. However, on February 14, 2012, the trial court dismissed the motion for legal custody. On May 15, 2012, the agency's temporary custody of D.C., Jr. was terminated and he was returned to the custody of appellant under court-ordered protective supervision.

---

[1]   Appellee FCCPS agrees with Appellant Angel's App.R. 16(A)(5)/(A)(6) statement of the facts and of the case, upon which we herein rely.

**{¶3}** On June 21, 2012 D.C., Jr. was placed in the temporary shelter custody of FCCPS. On July 5, 2012, the agency filed a motion requesting that the child be ordered into the temporary custody of FCCPS.

**{¶4}** On October 10, 2012, James Dye, the guardian ad litem and attorney for D.C., Jr., filed a motion requesting that the child be placed in the legal custody of Betty and Elsworth Pierce. An evidentiary hearing regarding legal custody was scheduled on January 29, 2013, but was then continued to March 26, 2013. The hearing went forward on that date. After hearing the evidence, the trial court requested all parties to submit proposed findings of fact and conclusions of law.

**{¶5}** The trial court ultimately issued a judgment entry on June 19, 2013, granting legal custody of D.C., Jr. to Betty Pierce and Elsworth Pierce and terminating temporary shelter custody with FCCPS.

**{¶6}** On July 9, 2013, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:

**{¶7}** "I. THE DECISION OF THE TRIAL COURT GRANTING LEGAL CUSTODY OF APPELLANT'S CHILD TO BETTY AND ELSWORTH PIERCE WAS AN ABUSE OF DISCRETION AND WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, AS THE RECORD DOES NOT CONTAIN CLEAR AND CONVINCING EVIDENCE THAT LEGAL CUSTODY WAS IN THE CHILD'S BEST INTEREST."

I.

**{¶8}** In her sole Assignment of Error, appellant contends the trial court erred in granting legal custody of D.C., Jr. to Betty and Elsworth Pierce. We disagree.

**{¶9}** In Ohio, the statutorily permissible dispositional alternatives in a dependency, neglect, or abuse case are enumerated in R.C. 2151.353(A). *See, e.g., In re S.Y.,* Tuscarawas App.No. 2011AP04 0018, 2011–Ohio–4621, ¶ 31. In particular, R.C. 2151.353(A)(3) provides: "If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition: * * * Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. * * *"

**{¶10}** Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such a decision must not be reversed absent an abuse of discretion. *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, citing *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. Likewise, "[e]very reasonable presumption must be made in favor of the judgment and the findings [of the juvenile court]. * * * If the evidence is susceptible to more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, and most favorable to sustaining the [juvenile] court's verdict and judgment." *In re: MB,* Summit App.No. 21812, 2004–Ohio–2666, citing *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 526 N.E.2d 1350. It is well established that the trial court, as the fact finder, is free to believe all, part, or none of the testimony of each witness. *State v. Caldwell* (1992), 79 Ohio App.3d 667, 679, 607 N.E.2d 1096. In contrast, as an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether

there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (February 10, 1982), Stark App.No. CA–5758.

**{¶11}** Despite the differences between a disposition of permanent custody and a disposition of legal custody, some Ohio courts have recognized that "the statutory best interest test designed for the permanent custody situation may provide some 'guidance' for trial courts making legal custody decisions." *In re A.F.,* Summit App.No. 24317, 2009–Ohio–333, ¶ 7, citing *In re T.A.,* Summit App.No. 22954, 2006–Ohio–4468, ¶ 17. The test would thus include a consideration of factors including: (1) the child's interaction with his or her parents, siblings, relatives, foster caregivers, and others (2) the child's wishes, which may be expressed by the guardian ad litem, (3) the child's custodial history (including the "12 of 22 months" timeframe), and (4) the need for a legally secure permanent placement. *See* R.C. 2151.414(D)(1).

**{¶12}** At the evidentiary hearing, the trial court heard testimony from Dave Groff (former ongoing caseworker for FCCPS), Leah Miller (home visitation caseworker for FCCPS), Betty Pierce (maternal great-grandmother), Elsworth Pierce (maternal great-grandfather), Mike Selegue (therapist at Mid-Ohio Psychological Services), Deanna Schultz (licensed independent counselor at Mid-Ohio Psychological Services), and Janet Crabtree (case manager at Mid-Ohio Psychological Services), and appellant herself.

**{¶13}** Appellant, in her brief, asserts that she "has addressed all issues with her case plan," and she challenges the agency's level of attempts to reunify her with D.C., Jr. Appellant's Brief at 2-3. It appears that appellant was successful on a number of her case plan objectives and has maintained a bond with her child; however, the evidence

indicates that appellant still has progress to make in light of the full history of the case. Caseworker Groff expressed his concerns about appellant's record of anger issues. Tr. at 50, 54-57. Groff opined that he did not believe appellant or David would be able to provide a stable home for the child at this time. Tr. at 28. In addition, even though David has been "in and out" of jail for probation violations (Tr. at 24), concerns remain about appellant's willingness to put the needs and protection of D.C., Jr. ahead of her desire to reconcile with David, who has a history of violence and infidelity in the marriage. For example, when bluntly asked on direct examination what she would do if it came down to a choice between D.C, Jr. and David, appellant evaded the question. Tr. at 129. When asked during cross-examination why she had avoided answering, appellant stated: "Because, um, I don't know what's happening in the future and I'm not, um, I don't really know what's going to happen in the future." Tr. at 140. At the time of the hearing, appellant had indeed obtained housing with a monthly rental of $465.00 per month, which must be paid from her monthly SSI benefit of $530.00 per month. Tr. at 137. However, we are mindful that appellant has lived in roughly nine different apartments during the case, not including times living with her mother and/or a homeless shelter. It was also noted that she has a history of sending money from her limited resources to David during his past incarcerations. Furthermore, as noted previously, this case involves the initiation of legal custody proceedings by the guardian ad litem, not, as is often the case, the agency or the relatives who had placement.

{¶14} Upon review of the record, we conclude that the trial court's grant of legal custody of D.C., Jr. to the Pierces, while accommodating supervised visitation with

appellant, was supported by the evidence presented, was made in the consideration of the child's best interests, and did not constitute error or an abuse of discretion.

{¶15}  Appellant's sole Assignment of Error is therefore overruled.

{¶16}  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.